FILED

UNITED STATES DISTRICT COURT    2003 OCT 16  P 12: 44
DISTRICT OF CONNECTICUT

UNIROYAL CHEMICAL COMPANY, INC.,        :
d/b/a CROMPTON MANUFACTURING            :
COMPANY                                 :
                                        :       Civil Action No.
        Plaintiff,                      :       3:02cv02253 (AHN)
                                        :
v.                                      :
                                        :
SYNGENTA CROP PROTECTION, INC.          :
                                        :
        Defendant.                      :       OCTOBER 14, 2003

## AFFIDAVIT OF ATTORNEY RUSSELL A. GREEN

The undersigned, being duly sworn, hereby deposes and says:

1.      I am over the age of 18 years, and I believe in the obligation of an oath.

2.      I make this statement of my own personal knowledge.

3.      I am an attorney with the law firm of Carmody & Torrance, LLP, and counsel to the Uniroyal Chemical Company, Inc. d/b/a Crompton Manufacturing Company ("Crompton") in the above-captioned action.

4.      Crompton has instituted this action against the defendant, Syngenta Crop Protection, Inc. ("Syngenta") alleging, *inter alia,* that Syngenta

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

has breached its contract with Crompton concerning the development and marketing of a plant growth chemical known as Bonzi.

5.      Syngenta served the following discovery on Crompton: First Request for Production of Documents, dated March 25, 2003; and First Set of Interrogatories and Second Request for Production of Documents, dated March 28, 2003 (collectively referred to as the "Discovery Requests").

6.      On May 28, 2003, Crompton filed its responses to the Discovery Requests.

On or about May 25, 2003 our office transmitted a proposed Confidentiality Stipulation and Order (the "Proposed Order") to Attorney William Ruskin who represents Syngenta, to address the many confidential documents called for in response to the Discovery Requests.  The Proposed Order provided that either party could designate documents as confidential and that there would be two levels of confidentiality:  "Confidential" and "Confidential for Review by Outside Attorneys Only".  The former designation would limit documents to the parties and experts and would prohibit disclosure to third parties, while the latter would restrict the documents to outside counsel and experts.  Both designations provide that counsel may see *all* documents.  To date, upon information and belief, Syngenta has refused to agree to the Proposed Order.

CARMODY & TORRANCE LLP
Attorneys at Law
{W1172261}

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

7.      In response to the Discovery Requests, Crompton identified approximately 7,123 documents. All of these documents were made available to Syngenta's counsel for inspection. Approximately 2,000 documents were actually copied and delivered to Attorney Ruskin, with no confidentiality restrictions. Approximately, 4,767 documents were designated as "Confidential" or "Confidential for Review by Outside Attorneys Only" (collectively referred to as "Confidential Documents") and were made available for inspection by Attorney Ruskin. Crompton's counsel agreed to immediately deliver the Confidential Documents to Attorney Ruskin subject to entry of the Proposed Order (or a mutually satisfactory version thereof). Approximately 4,500 documents (four boxes) of the Confidential Documents constitute Crompton's confidential research on Bonzi generated between 1991 and 2002. The vast majority of the Confidential Documents are research, which, upon information and belief, was used by Crompton in the development and marketing of Bonzi.

8.      As part of Crompton's document production in response to the Discovery requests, all Confidential Documents, including those designated for outside attorney review only, have been made available for review at the offices of Carmody & Torrance.

9.    In July 2003 I coordinated with Attorney Ruskin for him to review the Confidential Documents at our office in Waterbury, which was selected at his request.

10.    On July 10, 2003 I met with Attorney Ruskin in Waterbury to facilitate his review of the Confidential Documents.

11.    When I first met Attorney Ruskin, I gave him an overview of the four boxes of documents and the general contents of each box. I also showed him a large banner (approximately 2 feet by 4 feet) that had not been previously provided as part of our initial discovery compliance because it was large and bulky. I told Attorney Ruskin that I could have the banner copied for him, however, he reviewed the banner and said that would not be necessary. I never told Attorney Ruskin that the banner was confidential or for attorney review only, or that it had been improperly designated as such. Moreover, there was no marking on the banner that it was "Confidential" or "Confidential Outside Attorneys Eyes Only" as is on each of the other documents so designated.

12.    During Attorney Ruskin's review of the Confidential Documents it came to my attention that two videocassettes may have been improperly labeled as confidential documents. While Attorney Ruskin continued to review the documents, I confirmed that the videos were not confidential and

had in fact been mismarked.  I then informed Attorney Ruskin that the videos
had been incorrectly labeled and I removed the confidential labels on both
videos.  I also told Attorney Ruskin that he was more than welcome to review
the videos at our office at that time and he refused.  At no time did I state
that any other documents had been mismarked or incorrectly labeled.  I have
since learned that Attorney Ruskin still asserts that the videos are still
incorrectly labeled.  This is not the case and copies of the videos were
recently provided to Attorney Ruskin

13.    At several points during Attorney Ruskin's review of the
documents, I came into the conference room to see if he needed anything.
During some of these times Attorney Ruskin questioned why certain
documents were marked as "Confidential" or "Confidential Outside Attorneys
Eyes Only."   On most such times I explained to him why the documents
were confidential and that the proposed confidentiality agreement would
allow him to take all of the documents with him to his office and review
them.  Attorney Ruskin indicated that this process was too cumbersome.
However, Attorney Ruskin did indicate that he would make a general list of
documents he believed should not be labeled as "Confidential Outside
Attorneys Eyes Only" and discuss their designation with Attorney Charles F.
Corcoran, III, also of Carmody & Torrance.

14.    There were times when Attorney Ruskin asked what I thought were rhetorical questions, such as "why is this confidential?", while he was reviewing the Confidential Documents.  I may not have directly responded to every such question.  I have since learned that Attorney Ruskin believes that my lack of response indicates my agreement that "many non-confidential documents had been incorrectly marked 'attorneys eyes only'."  (See Affidavit of Good Faith of William Ruskin, September 15, 2003, ¶ 6.)  At no time did I tell Attorney Ruskin that any documents other than the above noted videos had been mismarked.

15.    On or about September 19, 2003, I spoke with Attorney Ruskin about the basis for his belief that I agreed with him that documents had been mismarked.  Attorney Ruskin said that at one point during our July 10th meeting I shrugged my shoulders, which he took as a sign that I agreed with his assertion that documents had been incorrectly labeled.  I do not recall making any such gesture and if I did it was certainly not to indicate that I agreed with his contention that documents had been incorrectly marked as attorney review only.

Russell A. Green

CARMODY & TORRANCE LLP    50 Leavenworth Street
{W1347286}Attorneys at Law    Post Office Box 1110
                            Waterbury, CT 06721-1110
                            Telephone: 203 573-1200

COUNTY OF NEW HAVEN    )                      October 14, 2003
                                )ss: Waterbury
STATE OF CONNECTICUT    )

       SUBSCRIBED AND SWORN TO before me this ___14th___ day of October, 2003.

                                      _Kristin L. Hansen_

                      ~~Commissioner of Superior Court/~~
                      Notary Public
                      My Commission Expires:

                                KRISTIN L. HANSEN
                                 *NOTARY PUBLIC*
                        MY COMMISSION EXPIRES NOV. 30, 2006

CARMODY & TORRANCE LLP    50 Leavenworth Street
{W1274280}Attorneys at Law    Post Office Box 1110
                              Waterbury, CT 06721-1110
                              Telephone: 203 573-1200