UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIROYAL CHEMICAL COMPANY, INC. d/b/a CROMPTON MANUFACTURING COMPANY<br><br>Plaintiff,<br><br>v.<br><br>SYNGENTA CROP PROTECTION, INC.<br><br>Defendant. | Civil Action No.<br>3:02CV02253 (AHN)<br><br><br><br><br><br>OCTOBER 23, 2003 |

## AFFIDAVIT OF WILLIAM A. RUSKIN

**WILLIAM A. RUSKIN**, being duly sworn, deposes and states:

1. I am a partner at the law firm of Shipman & Goodwin LLP, and represent Syngenta in the above-referenced matter. As such, I am familiar with the facts and circumstances giving rise to Syngenta's motion to compel plaintiff to produce documents over which plaintiff claims attorney-client privilege.

2. Plaintiff's counsel seeks to prejudice the Court against Syngenta by suggesting that counsel for Syngenta was not willing to discuss the issues underlying the motion subsequent to its filing. Nothing could be further from the truth. Moreover, Uniroyal's counsel fails to explain to this Court (as it has failed to explain to Syngenta since the issue was first raised) how Uniroyal proposed resolving the issue without court intervention.

3. In my Affidavit of Good Faith, sworn to September 23, 2003, I apprised the Court of Syngenta's prior efforts to address plaintiff's assertion of the attorney-client privilege in its Privilege Log, including its letters dated July 1, 2003 and September 2, 2003. The September 2, 2003 letter was sent after plaintiff's counsel represented that Uniroyal would undertake a re-examination of its attorney-client privilege assertions <u>prior</u> to Syngenta's filing of a motion on the issue. Despite his promise, Uniroyal's counsel did not address the issue until October 7, 2003, more than two weeks after the filing of Syngenta's motion and subsequent to the date Uniroyal was ordered to respond to the motion in this Court's initial Scheduling Order.

4. Deeply troubling is that Uniroyal does not attach Syngenta's response to Mr. Corcoran's e-mail in its exhibit, but states incorrectly that I never responded to that e-mail. I traded telephone calls with Mr. Corcoran on or after October 7, 2003. In an e-mail dated October 8, 2003, which Mr. Corcoran fails to provide, I stated:

> I am sorry we have not been able to touch base by telephone. It is certainly not for lack of trying. Are the 6-7 "unprivileged" documents "in the mail"? I would certainly like to see them as soon as possible, particularly if they will no longer be "at issue" in the motion before the Court.

Attached as Exhibits A and B, respectively, are my letter, dated September 2, 2003 and e-mail, dated October 8, 2003.

5. In its objection to Syngenta's motion, Uniroyal fails to explain how certain documents, previously considered attorney-client, should no longer be considered attorney-client protected, and why Uniroyal continues to assert that other

2

similar documents should continue to be afforded that protection. Uniroyal has not explained the reasoning process by which it first incorrectly placed these documents on its Privilege Log; later removed these documents from the Privilege Log and produced them to Syngenta; and, finally, determined that it was appropriate to keep other similar documents on the Privilege Log.

William A. Ruskin

Subscribed and sworn to before
me this 23rd day of October, 2003.

Notary Public

ELAINE M. PERRY
NOTARY PUBLIC
MY COMMISSION EXPIRES OCT. 31, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2003, a copy of the foregoing Affidavit of William A. Ruskin was sent via First Class U.S. mail to:

Charles R. Corcoran, III, Esq.
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950

Piyush Sharma
Fed. Bar. No. ct23463

103457 v.01

# EXHIBIT A


# Shipman & Goodwin LLP
## COUNSELORS AT LAW

300 Atlantic Street
Stamford, Connecticut 06901-3522
Phone: (203) 324-8100

William A. Ruskin
Phone: (203) 324-8113
Fax: (203) 324-8199
wruskin@goodwin.com

September 2, 2003

**VIA FACSIMILE AND REGULAR MAIL**

Charles F. Corcoran, III, Esq.
Carmody & Torrance LLP
195 Church Street
New Haven, CT 06509-1950

    Re:    Uniroyal Chemical Company, Inc., d/b/a Crompton
             Manufacturing Company v. Syngenta Crop Protection, Inc.

Dear Mr. Corcoran:

    At the hearing Friday before the Magistrate Holly B. Fitzsimmons, you agreed to provide me with a specimen of a two page form which Mr. Kevin Donovan, who attended the conference on Uniroyal's behalf, represented to the Court accompanies each Bonzi field study and provides basic information concerning the purpose of each study and the study results. Please provide this form by mid-week.

    With regard to Uniroyal's Privilege Log, it is my understanding that you are undertaking a review of the documents that Uniroyal contends should be afforded attorney-client privilege protection. As Judge Fitzsimmons directed Syngenta to bring on a motion to seek resolution of that issue, I would appreciate you undertaking this review as soon as possible so that this issue can be placed before the Court, if necessary.

    Thank you for your prompt response to this request.

                          Very truly yours,

                          William A. Ruskin

WAR:lb
cc:    Paul Sanson, Esq.
101650 v.01

# EXHIBIT B

## Ruskin, William

**From:** Ruskin, William
**Sent:** Wednesday, October 08, 2003 11:48 AM
**To:** Charles F. Corcoran III Esq. (E-mail)
**Subject:** FW: Uniroyal/Syngenta

Charlie,

I am sorry we have not been able to touch base by telephone. It is certainly not for lack of trying. Are the six-seven "un-privileged" documents "in the mail"? I am would certainly like to see them as soon as possible, particularly if they will no longer be "at issue" in the motion before the Court.

Bill

William A. Ruskin
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, CT 06901-3522
Phone: (203) 324-8113
Fax: (203) 324-8199
email: wruskin@goodwin.com

THE INFORMATION IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE RECIPIENT LISTED ABOVE. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY E-MAIL AND DELETE THE ORIGINAL MESSAGE. THE TEXT OF THIS E-MAIL IS SIMILAR TO ORDINARY TELEPHONE OR FACE-TO-FACE CONVERSATIONS AND DOES NOT REFLECT THE LEVEL OF FACTUAL OR LEGAL INQUIRY OR ANALYSIS WHICH WOULD BE APPLIED IN THE CASE OF A FORMAL LEGAL OPINION.

-----Original Message-----
**From:** Ruskin, William
**Sent:** Tuesday, October 07, 2003 2:51 PM
**To:** Charles F. Corcoran III Esq. (E-mail)
**Cc:** Meo, R. Michael; Folmsbee, John; Sharma, Piyush
**Subject:** Uniroyal/Syngenta

Charlie,

In response to your voicemail, by Uniroyal now removing 6 or 7 documents from the privilege log and providing them to Syngenta, Syngenta will not claim that Uniroyal has "waived" its rights with regard to the remainder of the challenged documents on its Privilege Log, but Syngenta may bring to the Court's attention in any Reply that Uniroyal has agreed to removed those 6-7 documents and reserves the right to comment accordingly. I look forward to receiving the 6 or 7 documents you referred to at your earliest convenience.

I am not really interested in discussing Uniroyal's reasoning for keeping the remainder of the challenged documents on the Privilege Log. I would have welcomed that discussion some weeks ago when Syngenta first challenged Uniroyal's privilege assertions, but having gone to the expense of filing a motion, would just as soon have the Court rule on the remainder of the documents at issue after its in camera review.

I will be out-of-town during parts of next week when your papers are due. Therefore, I would appreciate your emailing not only me, but two of associates involved with these motions, John Folmsbee (jfolmsbee@goodwin.com) and Piyush Sharma (psharma@goodwin.com). Thanks for your kind assistance.

Bill

William A. Ruskin
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, CT 06901-3522
Phone: (203) 324-8113
Fax: (203) 324-8199
email: wruskin@goodwin.com

THE INFORMATION IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE RECIPIENT LISTED ABOVE. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY E-MAIL AND DELETE THE ORIGINAL MESSAGE. THE TEXT OF THIS E-MAIL IS SIMILAR TO ORDINARY TELEPHONE OR FACE-TO-FACE CONVERSATIONS AND DOES NOT REFLECT THE LEVEL OF FACTUAL OR LEGAL INQUIRY OR

1