FILED

2003 OCT 30  P 3: 56

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIROYAL CHEMICAL COMPANY, INC., d/b/a CROMPTON MANUFACTURING COMPANY | : : : |
| Plaintiff, | : : Civil Action No. : 3:02cv02253 (AHN) |
| v. | : : |
| SYNGENTA CROP PROTECTION, INC. | : : |
| Defendant. | : OCTOBER 30, 2003 |

## DEFENDANT'S ANSWER,
## AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND

Defendant, Syngenta Crop Protection, Inc. ("Syngenta"), hereby submits its

Answer and Affirmative Defenses in response to the Complaint of plaintiff Uniroyal Chemical

Company, Inc., d/b/a Crompton Manufacturing Company ("Uniroyal") filed on December 19,

2002.

## ANSWER

1.      Defendant denies knowledge or information sufficient to form a belief as

to the truth or the falsity of the allegations contained in paragraph 1 of the Complaint.

2.      Defendant denies each and every allegation contained in paragraph 2 of the Complaint; except admits that Syngenta is a corporation organized and existing under the laws of the State of Delaware, and is the successor-in-interest to ICI Americas, Inc. ("ICI") insofar as the ornamentals business is concerned.

3.      Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 4 of the Complaint.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 5 of the Complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

## COUNT I: BREACH OF CONTRACT

7.      Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.      Defendant admits the allegations contained in paragraph 8 of the Complaint.

2

9.      Defendant admits the allegations contained in paragraph 9 of the Complaint.

10.     Defendant admits the allegations contained in paragraph 10 of the Complaint.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 11 of the Complaint; except admits that "Bonzi®" is an effective agent in establishing the targeted size and marketability of ornamental plants.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 12 of the Complaint; except admits that "Bonzi®" dosage and the treated plant's growth vary depending upon multiple factors.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 13 of the Complaint; except admits that "Bonzi®" dosage and the treated plant's growth vary depending upon multiple factors.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 14 of the Complaint; except admits that "Bonzi®" dosage and the treated plant's growth vary depending upon multiple factors.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 15 of the Complaint; except admits that "Bonzi®" dosage and the treated plant's growth vary depending upon multiple factors.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 16 of the Complaint; except admits that ICI granted to Sandoz certain rights for the development and sale of "Bonzi®".

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 17 of the Complaint.

18.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 18 of the Complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 19 of the Complaint.

20.    Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 20 of the Complaint.

21.    Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 21 of the Complaint; except admits that Sandoz stopped marketing "Bonzi®" before ICI entered into any agreement with Uniroyal.

22.    Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 22 of the Complaint.

23.    Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 23 of the Complaint.

24.    Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 24 of the Complaint; except admits that Sandoz stopped marketing "Bonzi®" before ICI entered into any agreement with Uniroyal.

25.    Defendant denies each and every allegation contained in paragraph 25 of the Complaint.

26.    Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 26 of the Complaint; except admits that ICI did not sell "Bonzi®" directly to the marketplace after approximately January 29, 1991.

27.    Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 27 of the Complaint; except admits that ICI and Uniroyal entered into discussions regarding "Bonzi®".

28.    Defendant denies each and every allegation contained in paragraph 28 of the Complaint; except denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations that plaintiff and ICI entered into discussions.

29.    Defendant admits the allegations contained in paragraph 29 of the Complaint.

30.    Defendant admits the allegations contained in paragraph 30 of the Complaint.

31.    Defendant admits the allegations contained in paragraph 31 of the Complaint.

32.     Defendant admits the allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 34 of the Complaint; except admits that an EPA approved label is annexed to the Complaint as Exhibit C.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 35 of the Complaint, and respectfully refers the Court to the development agreement for its terms.

36.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 36 of the Complaint, and respectfully refers the Court to the development agreement for its terms.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 37 of the Complaint, and respectfully refers the Court to the development agreement for its terms.

38.     Defendant denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 39 of the Complaint, and respectfully refers the Court to the development agreement for its terms.

40.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 42 of the Complaint; except admits that a label is annexed to the Complaint as Exhibit D, and respectfully refers the Court to that label for its terms.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 44 of the Complaint.

45.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 45 of the Complaint, and respectfully refers the Court to the supply agreement for its terms.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 46 of the Complaint, and respectfully refers the Court to the supply agreement for its terms.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 47 of the Complaint, and respectfully refers the Court to the supply agreement for its terms.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 48 of the Complaint, and respectfully refers the Court to the supply agreement for its terms.

49.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 49 of the Complaint, and respectfully refers the Court to the supply agreement for its terms.

50.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 50 of the Complaint, and

respectfully refers the Court to the development and supply agreements for their respective terms.

51.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 51 of the Complaint.

52.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 52 of the Complaint.

53.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 53 of the Complaint.

54.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 54 of the Complaint.

55.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 55 of the Complaint.

56.     Defendant denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 57 of the Complaint, and respectfully refers the Court to the supply agreement for its terms.

58.    Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 58 of the Complaint.

59.    Defendant denies each and every allegation contained in paragraph 59 of the Complaint.

60.    Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 60 of the Complaint.

61.    Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 61 of the Complaint.

62.    Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 62 of the Complaint; except admits that in 2002 Syngenta had a gross margin of approximately $2,000,000 from the sale of "Bonzi®".

63.    Defendant denies each and every allegation contained in paragraph 63 of the Complaint; except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that plaintiff has delivered to defendant more than $10,000,000 in profit from the sale of "Bonzi®".

64.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 64 of the Complaint.

65.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Complaint, and respectfully refers the Court to the supply agreement for its terms.

66.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 66 of the Complaint, and respectfully refers the Court to the supply agreement for its terms.

67.     Defendant denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Defendant admits the allegations contained in paragraph 68 of the Complaint.

69.     Defendant denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Defendant denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Defendant denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Defendant denies each and every allegation contained in paragraph 72 of the Complaint; except admits that Uniroyal advised Syngenta of its legal position in a letter.

73.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 73 of the Complaint; except admits that defendant advised plaintiff that it intended to market and sell "Bonzi®" directly to the ornamental trade market as of January 2003.

74.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 74 of the Complaint; except admits that Syngenta prepared a label for use, a copy of which is Exhibit F to the Complaint.

75.     Defendant denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Defendant denies each and every allegation contained in paragraph 76 of the Complaint.

## COUNT II: CONVERSION

77.    In response to paragraph 77 of Count II, defendant repeats and realleges its foregoing responses to paragraphs 1 through 76, as if fully set forth herein.

78.    Defendant denies each and every allegation contained in paragraph 78 of the Complaint.

79.    Defendant denies each and every allegation contained in paragraph 79 of the Complaint.

## COUNT III: BREACH OF THE
## COVENANT OF GOOD FAITH AND FAIR DEALING

80.    In response to paragraph 80 of Count III, defendant repeats and realleges its foregoing responses to paragraphs 1 through 76 as if fully set forth herein.

81.    Defendant denies each and every allegation contained in paragraph 81 of the Complaint.

82.    Defendant denies each and every allegation contained in paragraph 82 of the Complaint.

83.    Defendant denies each and every allegation contained in paragraph 83 of the Complaint.

## COUNT IV: VIOLATION OF FRANCHISE SECURITY LAW

The Court (Nevas, J.) granted Syngenta's Motion to Dismiss Count IV of the Complaint by Order dated September 30, 2003. Accordingly, Syngenta does not respond to the allegations of this Count.

## COUNT V: PROMISSORY ESTOPPEL

87.     In response to paragraph 87 of Count V, defendant repeats and realleges its foregoing responses to paragraphs 1 through 76, as if fully set forth herein.

88.     Defendant denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 88 of the Complaint.

89.     Defendant denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Defendant denies each and every allegation contained in paragraph 90 of the Complaint.

## AFFIRMATIVE DEFENSES TO COUNT I

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff's claim is barred, in whole or in part, by its own material breach of the development agreement and/or the supply agreement.

3.    Plaintiff's claim is barred, in whole or in part, by its own material breach of confidentiality agreements between the parties, including but not limited to that certain Confidential Information (Out) agreement between ICI and Uniroyal dated May 23, 1990 (the "1990 Confidentiality Agreement").

4.    Plaintiff's claim is barred, in whole or in part, because the 1990 Confidentiality Agreement grants to Syngenta a royalty-free license to any new uses of Bonzi® that may be developed by Uniroyal.

5.    Plaintiff's claim is barred, in whole or in part, because Syngenta duly terminated the supply agreement in accordance with its terms.

6.    Plaintiff's claim is barred, in whole or in part, because Uniroyal's interpretation of its rights under the development agreement would lead to a result that is anti-competitive and accordingly against public policy.

16

7.    Plaintiff's claim is barred, in whole or in part, because any rights Uniroyal obtained to market and/or sell Bonzi® do not survive the expiration of that product's patent as a matter of public policy.

8.    Plaintiff's claim is barred, in whole or in part, by its unclean hands and failure to act in good faith.

## AFFIRMATIVE DEFENSES TO COUNT II

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff's claim is barred, in whole or in part, by its own material breach of the development agreement and/or the supply agreement.

3.    Plaintiff's claim is barred, in whole or in part, by its own material breach of confidentiality agreements between the parties, including but not limited to the 1990 Confidentiality Agreement.

4.    Plaintiff's claim is barred, in whole or in part, because the 1990 Confidentiality Agreement grants to Syngenta a royalty-free license to any new uses of Bonzi® that may be developed by Uniroyal.

5.    Plaintiff's claim is barred, in whole or in part, because Syngenta duly terminated the supply agreement in accordance with its terms.

6.     Plaintiff's claim is barred, in whole or in part, because Uniroyal's interpretation of its rights under the development agreement would lead to a result that is anti-competitive and accordingly against public policy.

7.     Plaintiff's claim is barred, in whole or in part, because any rights Uniroyal obtained to market and/or sell Bonzi® do not survive the expiration of that product's patent as a matter of public policy.

8.     Plaintiff's claim is barred, in whole or in part, by its unclean hands and failure to act in good faith.

## AFFIRMATIVE DEFENSES TO COUNT III

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claim is barred, in whole or in part, by its own material breach of the development agreement and/or the supply agreement.

3.     Plaintiff's claim is barred, in whole or in part, by its own material breach of confidentiality agreements between the parties, including but not limited to the 1990 Confidentiality Agreement.

4.     Plaintiff's claim is barred, in whole or in part, because the 1990 Confidentiality Agreement grants to Syngenta a royalty-free license to any new uses of Bonzi® that may be developed by Uniroyal.

5.     Plaintiff's claim is barred, in whole or in part, because Syngenta duly terminated the supply agreement in accordance with its terms.

6.     Plaintiff's claim is barred, in whole or in part, because Uniroyal's interpretation of its rights under the development agreement would lead to a result that is anti-competitive and accordingly against public policy.

7.     Plaintiff's claim is barred, in whole or in part, because any rights Uniroyal obtained to market and/or sell Bonzi® do not survive the expiration of that product's patent as a matter of public policy.

8.     Plaintiff's claim is barred, in whole or in part, by its unclean hands and failure to act in good faith.

### AFFIRMATIVE DEFENSES TO COUNT V

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claim is barred, in whole or in part, by its own material breach of the development agreement and/or the supply agreement.

19

3.      Plaintiff's claim is barred, in whole or in part, by its own material breach of confidentiality agreements between the parties, including but not limited to the 1990 Confidentiality Agreement.

4.      Plaintiff's claim is barred, in whole or in part, because the 1990 Confidentiality Agreement grants to Syngenta a royalty-free license to any new uses of Bonzi® that may be developed by Uniroyal.

5.      Plaintiff's claim is barred, in whole or in part, because Syngenta duly terminated the supply agreement in accordance with its terms.

6.      Plaintiff's claim is barred, in whole or in part, because Uniroyal's interpretation of its rights under the development agreement would lead to a result that is anti-competitive and accordingly against public policy.

7.      Plaintiff's claim is barred, in whole or in part, because any rights Uniroyal obtained to market and/or sell Bonzi® do not survive the expiration of that product's patent as a matter of public policy.

8.      Plaintiff's claim is barred, in whole or in part, by its unclean hands and failure to act in good faith.

WHEREFORE, Syngenta prays for judgment dismissing the Complaint and awarding its costs, together with such other and further relief as the Court deems proper.

Dated: Stamford, CT
      October 30, 3002

                **SYNGENTA CROP PROTECTION, INC.**

By: _____
                William A. Ruskin (Fed. Bar No. ct20898)
                R. Michael Meo, Jr. (Fed. Bar No. ct16318)
                Shipman & Goodwin LLP
                300 Atlantic Street, Third Floor
                Stamford, Connecticut 06901
                Telephone: (203) 324-8100
                Facsimile: (203) 324-8199
                E-mail: wruskin@goodwin.com
                E-mail: rmeo@goodwin.com

                 - and -

                Paul D. Sanson (Fed. Bar No. ct05477)
                Karen T. Staib (Fed. Bar No. ct21119)
                Shipman & Goodwin LLP
                One American Row
                Hartford, CT  06103
                Telephone: (860) 251-5000
                Facsimile: (860) 251-5600
                E-mail: psanson@goodwin.com
                E-mail: kstaib@goodwin.com
                Its Attorneys