Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNIROYAL CHEMICAL COMPANY, INC., d/b/a CROMPTON MANUFACTURING COMPANY | : : : | |
| | : | Civil Action No. |
| Plaintiff, | : | 3:02cv02253 (AHN) |
| | : | |
| v. | : | |
| | : | |
| SYNGENTA CROP PROTECTION, INC. | : | |
| | : | |
| Defendant. | : | MARCH 25, 2003 |

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, SYNGENTA

CROP PROTECTION, INC., by and through its undersigned attorneys, hereby requests that

Plaintiff produce the following documents within thirty (30) days at the offices of Shipman &

Goodwin LLP, One Landmark Square, Suite 1700, Stamford, Connecticut 06901.

## Definitions and Instructions

1.      **"Uniroyal" or "Plaintiff"** shall refer to Uniroyal Chemical Company, Inc. d/b/a Crompton Manufacturing Company.

2.      **"Syngenta" or "Defendant"** shall refer to Syngenta Crop Protection, Inc.

3.      **"ICI"** shall refer to ICI Americas, Inc. and its successor, Zeneca Ag Products.

4.      **"Bonzi"** refers to a certain plant growth regulating chemical known under the generic name of "Paclobutazol".

5.      **"Development Agreement"** shall refer to the Bonzi Development Agreement entered into between Uniroyal and ICI on January 29, 1991.

6.      **"Supply Agreement"** shall refer to the Bonzi Supply Agreement entered into on January 29, 1991 by Uniroyal and ICI.

7.      **"EPA"** shall refer to the United States Environmental Protection Agency.

8.      **"Relevant Time Period"** shall refer to the January 29, 1991 – December 31, 2002 time period when the Supply Agreement was in effect.

9.      **"Development Field"** shall have the same definition as is contained in the Development Agreement.

10. **"New Use or Formulation" and "New Use and Formulation"** shall have the same definition as in the Development Agreement.

11. **"Communication"** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

12. **"Document"** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

13. **"Identify (with respect to persons)"** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

14. **"Identify (with respect to documents)"** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addresses(s) and recipient(s).

3

15.    **"Parties"** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

16.    **"Person"** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

17.    **"Concerning"** The term "concerning" means relating to, referring to, describing, evidencing or consulting.

18.    **"All/Each"** The terms "all" and "each" shall be construed as all and each.

19.    **"And/Or"** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

20.    **"Number"** The use of the singular form of any word includes the plural and vice versa.

4

**Assertion of Claim of Privilege**

21.    Where a claim of privilege is asserted, and an answer is not provided on the basis of such assertion,

A.    The attorney asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

B.    The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(1)    For documents:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addresses of the document, and any other recipients shown in the document, and where not apparent, the relationship of the author, addresses, and recipients to each other;

(2)    A Privilege Log setting forth the requested information shall be furnished at the time the response to the document request is due.

5

22.    Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph 20 above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court.

### Requests for Production

1.    Documents submitted to EPA during the Relevant Time Period concerning or relating to new uses or formulations of Bonzi developed by Uniroyal for use in the Development Field.

2.    Documents submitted to any state during the Relevant Time Period concerning or relating to new uses or formulations of Bonzi developed by Uniroyal for use in the Development Field.

3.    Correspondence between Uniroyal and EPA relating to all Bonzi labeling during the Relevant Time Period including without limitation, proposed labeling, draft labeling, and all documents submitted in support of said labeling.

4.    Correspondence between Uniroyal and any state relating to all Bonzi labeling during the Relevant Time Period including without limitation, proposed labeling, draft labeling, and all documents submitted in support of said labeling.

5.     Documents relating or concerning to each new use and formulation of Bonzi developed by Uniroyal during the Relevant Time Period.

6.     Documents relating or concerning Uniroyal's complaint allegation that it developed new uses of Bonzi enumerated in paragraph 41 of the Complaint.

7.     For each new use referred to in the preceding request, produce documents supporting Uniroyal's contention that:  (1) these uses were developed by Uniroyal and (2) increased Bonzi sales.

8.     Documents relating or concerning to each new use and formulation of Bonzi developed by persons other than Uniroyal during the Relevant Time Period.

9.     Documents concerning or relating to any place of business within the State of Delaware where Uniroyal was engaged in the sale or distribution of Bonzi at any time during the Relevant Time Period.

10.     Documents concerning or relating to Uniroyal's payment to Syngenta of a franchise fee (as that term is defined under the Delaware Franchise Security Act).

11.     Documents concerning or relating to Uniroyal's contention in its complaint that Syngenta's acts constitute a violation of the Delaware Franchise Security Law.

7

12.    Documents identifying or referring to a franchisor-franchisee relationship existing between Syngenta and Uniroyal.

13.    Documents concerning or relating to Syngenta's notification to Uniroyal of Syngenta's intention to terminate the Supply Agreement and Uniroyal's response to that notification.

14.    Documents concerning plaintiff's complaint allegation that it "reminded defendant that defendant is contractually prohibited from marketing or selling Bonzi for any new use which plaintiff developed during the term of the Development Agreement". See Complaint at 72.

15.    Documents concerning or relating to Syngenta's Bonzi label and any analysis or evaluation by Uniroyal concerning Bonzi uses which Uniroyal alleges it developed during the term of the Development Agreement.

16.    Documents concerning or relating to Uniroyal's interpretation or understanding of its rights and obligations under the Development Agreement and Supply Agreement from the date of Uniroyal's receipt of Travis Dickinson's letter, dated June 26, 2002, which is attached to plaintiff's complaint to the present.

8

17.    Documents concerning or relating to Uniroyal's establishment of Plant Growth Regulation Management Schools, "How To" videos and detailed, technical use guides. See Complaint at 52.

18.    Documents relating to Uniroyal's monetary expenditures for promotion and technical development of Bonzi during the  Relevant Time Period.

19.    Documents concerning or relating to Uniroyal's annual reports on its developmental and promotional expenditures; on Bonzi's market position vis a vis the competition; and on plaintiff's progress in developing new uses and formulations for Bonzi. See Complaint at 56.

20.    Documents relating or concerning Uniroyal's agreement to purchase and take delivery of specified minimum quantities of Bonzi during the Relevant Time Period. See Complaint at 57.

21.    Documents concerning Uniroyal's exceedance of contract minimum purchase expectations during the Relevant Time Period.

22.    Documents concerning or relating to Uniroyal's sales and marketing of Bonzi during the Relevant Time Period, including but not limited to documents relating to profits, and sales projections and profit projections.

9

23.    Documents concerning or relating to future competition in the marketplace to generic Paclobutazol including but not limited to sales, profits and cost of Paclobutazol obtained from Syngenta.

24.    Documents concerning or relating to Uniroyal's proposal to ICI to develop, market and sell Bonzi.

25.    Documents concerning the formation of the Development Agreement and the Supply Agreement, including but not limited to earlier drafts, correspondence, memoranda, proposals and counter-proposals.

26.    All correspondence, memoranda notes and e-mail concerning Bonzi prepared by or provided to Laureen C. Treu and/or Al Ingulli, including documents maintained by them.

27.    Documents concerning Sandoz's marketing of Bonzi relating or concerning plaintiff's complaint allegations paragraphs 16-24.

28.    Documents concerning or relating to amendments or proposed amendments or revisions to the Supply Agreement and/or Development Agreement from 1991 to the present.

Dated:        Stamford, Connecticut
              March 25, 2003

                                Respectfully submitted,

                                SHIPMAN & GOODWIN LLP

                                By: _____
                                William A. Ruskin (Fed. Bar No. ct20898)
                                Shipman & Goodwin LLP
                                One Landmark Square
                                Suite 1700
                                Stamford, Connecticut 06901
                                Telephone: (203) 324-8100
                                Facsimile: (203) 324-8199
                                E-mail: wruskin@goodwin.com

                                  - and -

                                Paul D. Sanson (Fed. Bar No. ct05477)
                                Karen T. Staib (Fed. Bar No. ct21119)
                                Shipman & Goodwin LLP
                                One American Row
                                Hartford, CT  06103
                                Telephone: (860) 251-5000
                                Facsimile: (860) 251-5600
                                E-mail: psanson@goodwin.com
                                E-mail: kstaib@goodwin.com

                                Its Attorneys

                                      11

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March 2003, a copy of the foregoing was mailed via First Class Mail, postage prepaid, to:


Charles R. Corcoran, III, Esq.
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950


_____
William A. Ruskin


96030 v.01


12

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIROYAL CHEMICAL COMPANY, INC., d/b/a CROMPTON MANUFACTURING COMPANY | : : : |
| Plaintiff, | : : Civil Action No. : 3:02cv02253 (AHN) |
| v. | : : |
| SYNGENTA CROP PROTECTION, INC. | : : |
| Defendant. | : : AUGUST 22, 2003 |

## SECOND SET OF INTERROGATORIES AND
## THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant,

SYNGENTA CROP PROTECTION, INC., by and through its undersigned attorneys, hereby

requests that Plaintiff respond to the following interrogatories and produce the requested

documents within thirty (30) days at the offices of Shipman & Goodwin LLP, One Landmark

Square, Stamford, Connecticut 06901.

## Definitions and Instructions

1.      **"Uniroyal" or "Plaintiff"** shall refer to either Uniroyal Chemical Company, Inc. d/b/a Crompton Manufacturing Company, Crompton Corporation or Crompton Manufacturing Company.

2.      **"Syngenta" or "Defendant"** shall refer to Syngenta Crop Protection, Inc.

3.      **"ICI"** shall refer to ICI Americas, Inc. and its successor, Zeneca Ag Products.

4.      **"Bonzi"** refers to a certain plant growth regulating chemical known under the generic name of "Paclobutazol".

5.      **"Development Agreement"** shall refer to the Bonzi Development Agreement entered into between Uniroyal and ICI on January 29, 1991.

6.      **"Supply Agreement"** shall refer to the Bonzi Supply Agreement entered into on January 29, 1991 by Uniroyal and ICI.

7.      **"EPA"** shall refer to the United States Environmental Protection Agency.

8.      **"Relevant Time Period"** shall refer to the January 29, 1991 – December 31, 2002 time period when the Supply Agreement was in effect.

9.      **"Development Field"** shall have the same definition as is contained in the Development Agreement.

2

10.    **"New Use or Formulation" and "New Use and Formulation"** shall have the same definition as in the Development Agreement.

11.    **"Trial Reference"** shall have the same meaning as intended by Uniroyal in the table attached to Uniroyal's Supplemental Responses to Defendant's First Set of Interrogatories and Second Request for Production of Documents, dated July 24, 2003 and refers to Bonzi trials.

12.    **"Communication"** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

13.    **"Document"** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

14.    **"Identify (with respect to persons)"** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that

3

person need be listed in response to subsequent discovery requesting the identification of that person.

15.    **"Identify (with respect to documents)"**  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addresses(s) and recipient(s).

16.    **"Parties"**  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

17.    **"Person"**  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

18.    **"Concerning"**  The term "concerning" means relating to, referring to, describing, evidencing or consulting.

19.    **"All/Each"**  The terms "all" and "each" shall be construed as all and each.

4

20.    **"And/Or"**  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

21.    **"Number"**  The use of the singular form of any word includes the plural and vice versa.

### Assertion of Claim of Privilege

22.    Where a claim of privilege is asserted, and an answer is not provided on the basis of such assertion,

A.    The attorney asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

B.    The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(1)    For documents:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addresses of the document, and

5

any other recipients shown in the document, and where not apparent, the relationship of the author, addresses, and recipients to each other;

(2)    A Privilege Log setting forth the requested information shall be furnished at the time the response to the document request is due.

23.    Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph 20 above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court.

## Interrogatories

1.    Making specific reference to Syngenta's Bonzi product label (attached to plaintiff's complaint), identify all uses or formulations which Uniroyal alleges are uses or formulations for which it retains all marketing and sales rights pursuant to the terms of the Development Agreement.

(a)    for each such use or formulation, identify the Trial Reference(s) associated with that use or formulation;

(b)    for each such use or formulation, indicate the dates the work associated with each Trial Reference was performed.

6

2.    For each "Trial Reference" referred to by Uniroyal in the table attached to its Supplemental Responses to Defendant's First Set of Interrogatories and Second Request for Production of Documents, identify:

(a)    the person(s) who performed the trial;

(b)    the employer of the person(s) who performed the trial;

(c)    the institution or facility at which the trial was performed; and

(d)    what rights to the trial data, if any, were retained by the institution or facility (identified in the preceding sub-section "c").

3.    Does Uniroyal contend that it continues to retain marketing and sales rights to any new use or formulation of Bonzi developed by Uniroyal from 1991 through 1996 if the technical data underlying such use or formulation has subsequently:

(a)    entered into the public domain?;

(b)    been generated independently by Syngenta?; or

(c)    been generated independently by a party other than Uniroyal or Syngenta?

4.    If the answer to the preceding interrogatory (or any of the sub-parts) is in the affirmative, please state in detail all facts which support Uniroyal's contention.

7

5.    How does Uniroyal define a "new use" as that term in used in the Development Agreement?

## **Request for Documents**

1.    All documents concerning Uniroyal's response to Interrogatory No. 1.

2.    All documents concerning Uniroyal's response to Interrogatory No. 2.

3.    All documents concerning Uniroyal's response to Interrogatory No. 3.

4.    All documents concerning Uniroyal's response to Interrogatory No. 4.

5.    All documents concerning Uniroyal's response to Interrogatory No. 5.

6.    An abstract or summary for the trials associated with each "Trial Reference" referred to by Uniroyal in the table attached to its Supplemental Responses to Defendant's First Set of Interrogatories and Second Request for Production of Documents.

7.    For each "Trial Reference" referred to by Uniroyal in the table attached to its Supplemental Responses to Defendant's First Set of Interrogatories and Second Request for Production of Documents, produce:

(a)    documents concerning the grant-in-aid for each trial identified by a "Trial Reference";

(b)    documents concerning the contract for each trial identified by a "Trial Reference";

(c)    documents concerning financial expenditures or payments by Uniroyal in support of each trial identified by a "Trial Reference"; and

(d)    documents indicating whether the trial associated with a "Trial Reference" was sponsored by Uniroyal.

8.    All documents identifying the persons at Uniroyal responsible for the development of uses or formulations of Bonzi during the 1991-1996 period.

9.    All correspondence, memoranda, notes, and e-mail prepared by, provided to or in the care, custody and control of Thomas Harger, Keith Griffith, Raymond Choban, David Barcel and Paul King concerning:

(a)    Sandoz' marketing of Bonzi;

(b)    Uniroyal's marketing of Bonzi;

(c)    Uses of Bonzi developed by Uniroyal;

(d)    Uniroyal's and Syngenta's rights respectively to uses and formulations of Bonzi developed by Uniroyal during the 1991-1996 period.

(e)    The coordination and monitoring of work performed by Uniroyal to develop new uses and formulations for Bonzi;

10.    All documents concerning Uniroyal's consideration of marketing its own generic paclobutrazol, including but not limited to:

(a)    Data compensation pursuant to FIFRA Section 3(c)(1)(F);

(b)    EPA submissions pursuant to FIFRA;

(c)    Projected or forecasted sales and/or profits from Uniroyal's sale of generic paclobutrazol;

(d)    Documents concerning the impact of Uniroyal's sale of generic paclobutrazol on Syngenta's sales and/or profits;

(e)    Documents concerning the impact, if any, of Uniroyal's sale of generic paclobutrazol and the claims asserted in this case; and

(f)    Marketing materials for the generic paclobutrazol.

11.    All documents concerning, constituting or referring to correspondence, memoranda, notes and e-mail concerning the Development Agreement and Supply Agreement,

including but not limited to the negotiations leading up to the execution of the Supply Agreement and Development Agreement, prepared by or provided to Kevin Kelley, Kevin Donovan, Al Ingulli, J.D. Kitsmiller, T.E. Geise, J.A. Lacadie, F.D. Judge, W.A. Santulli, B.W. Jones, D.M. Cote, M.J. Duchesne, A.W. Dzialo, J.H. Martin, M. Guss, F. Morgan and R.A. Cardona during 1990-1991 period.

12.    All documents concerning, constituting or referring to correspondence, memoranda, notes and e-mail concerning the Confidentiality Agreement titled "Confidential Information (Out)", dated May 23, 1990, between Uniroyal and ICI.

13.    All documents provided to Uniroyal by ICI pursuant to the Confidentiality Agreement titled "Confidential Information (Out)", dated May 23, 1990.

14.    All documents concerning, constituting or referring to correspondence, memoranda, notes and e-mail concerning Bonzi prepared by or provided to Larry Riggs, John Martin, Kevin Donovan, Bolton Jones, Ed Adams, Jan Crouch, Diana Bartel, Tom Harger, David Judge, Pablo Broussain, Terry Hughes, Bruno Folchi, Dave Green, David Cote, Kim Swanson, Susie Finch, James Berry, Tom Geise, Chris Exton, John Sierakowski and Marcus Meadows-Smith.

15.    All documents concerning the development of or changes to the Crouch Weekly Report concerning Bonzi during the Relevant Time Period.

16.    All documents concerning Uniroyal's Product Use Guides for Bonzi, and other information about Bonzi Uniroyal made available to customers, during the Relevant Time Period.

17.    All Uniroyal Bonzi labels during the Relevant Time Period.

Dated:        Stamford, Connecticut
               August 22, 2003

Respectfully submitted,

SHIPMAN & GOODWIN LLP

By:_____

William A. Ruskin (Fed. Bar No. ct20898)
Shipman & Goodwin LLP
One Landmark Square
Suite 1700
Stamford, Connecticut 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
E-mail: wruskin@goodwin.com

- and -

Paul D. Sanson (Fed. Bar No. ct05477)
Karen T. Staib (Fed. Bar No. ct21119)
Shipman & Goodwin LLP
One American Row
Hartford, CT  06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5600
E-mail: psanson@goodwin.com
E-mail: kstaib@goodwin.com
Its Attorneys

13

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of August 2003, a copy of the foregoing Second Set

of Interrogatories and Third Request for Production of Documents was mailed via First Class

Mail, postage prepaid, to:


Charles R. Corcoran, III, Esq.
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950


                                                  _____
                                                  William A. Ruskin


101324 v.01