Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNIROYAL CHEMICAL COMPANY, INC., d/b/a CROMPTON MANUFACTURING COMPANY | : | |
| | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 3:02cv02253 (AHN) |
| | : | |
| v. | : | |
| | : | |
| SYNGENTA CROP PROTECTION, INC. | : | |
| | : | |
| Defendant. | : | JANUARY 16, 2004 |

## THIRD SET OF INTERROGATORIES AND
## FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant,

SYNGENTA CROP PROTECTION, INC., by and through its undersigned attorneys, hereby

requests that Plaintiff respond to the following interrogatories and produce the requested

documents within thirty (30) days at the offices of Shipman & Goodwin LLP, 300 Atlantic

Street, Stamford, Connecticut 06901.

## Definitions and Instructions

1.      **"Uniroyal" or "Plaintiff"** shall refer to either Uniroyal Chemical Company, Inc. d/b/a Crompton Manufacturing Company, Crompton Corporation or Crompton Manufacturing Company.

2.      **"Syngenta" or "Defendant"** shall refer to Syngenta Crop Protection, Inc.

3.      **"ICI"** shall refer to ICI Americas, Inc. and its successor, Zeneca Ag Products.

4.      **"Bonzi"** refers to a certain plant growth regulating chemical known under the generic name of "Paclobutazol".

5.      **"Development Agreement"** shall refer to the Bonzi Development Agreement entered into between Uniroyal and ICI on January 29, 1991.

6.      **"Supply Agreement"** shall refer to the Bonzi Supply Agreement entered into on January 29, 1991 by Uniroyal and ICI.

7.      **"EPA"** shall refer to the United States Environmental Protection Agency.

8.      **"Relevant Time Period"** shall refer to the January 29, 1991 – December 31, 2002 time period when the Supply Agreement was in effect.

9.      **"Development Field"** shall have the same definition as is contained in the Development Agreement.

10.    **"New Use or Formulation" and "New Use and Formulation"** shall have the same definition as in the Development Agreement.

11.    **"Trial Reference"** shall have the same meaning as intended by Uniroyal in the table attached to Uniroyal's Supplemental Responses to Defendant's First Set of Interrogatories and Second Request for Production of Documents, dated July 24, 2003 and refers to Bonzi field trials.

12.    **"In-house Dollars"** means money spent by Uniroyal on the development of new Bonzi uses during the Relevant Time Period to pay for the salaries and benefits of Uniroyal employees, in whole or in part.

13.    **"Communication"** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

14.    **"Document"** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic, including e-mail, or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

15.    **"Identify (with respect to persons)"** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and

3

when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

16.    **"Identify (with respect to documents)"**  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addresses(s) and recipient(s).

17.    **"Parties"** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

18.    **"Person"** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

19.    **"Concerning"** The term "concerning" means relating to, referring to, describing, evidencing or consulting.

20.    **"All/Each"** The terms "all" and "each" shall be construed as all and each.

4

21.     **"And/Or"** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

22.     **"Number"** The use of the singular form of any word includes the plural and vice versa.

## Assertion of Claim of Privilege

23.     Where a claim of privilege is asserted, and an answer is not provided on the basis of such assertion,

A.     The attorney asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

B.     The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(1)     For documents:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addresses of the document, and

any other recipients shown in the document, and where not apparent, the relationship of the author, addresses, and recipients to each other;

       (2)     A Privilege Log setting forth the requested information shall be furnished at the time the response to the document request is due.

24.     Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph 20 above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court.

### Interrogatories

1.     For each "Trial Reference" and/or Bonzi field trial which Uniroyal contends supports its claim that it developed new uses or formulations for Bonzi:

       (a)     identify the person(s) who performed the field trial and his employer; and

       (b)     the institution or facility at which the field trial was performed and the owner of said institution or facility.

2.     Describe in detail the process by which Uniroyal accounted for and kept track of "in-house dollars" used for the development of new uses for Bonzi and/or Bonzi R&D during the Relevant Time Period.

6

## **Request for Documents**

1.     All documents concerning Uniroyal's response to Interrogatory No. 1, including but not limited to all agreements, contracts and/or grant-in-aids entered into with cooperators or other persons who performed Bonzi field trials.

2.     All correspondence concerning Bonzi field trials between Uniroyal and the person(s) performing the Bonzi field trial referenced in Uniroyal's response to Interrogatory No. 1.

3.     All documents concerning Uniroyal 's response to Interrogatory No. 2.

4.     All documents reflecting or accounting for Uniroyal "in-house dollars" that were spent during the Relevant Time Period to develop new uses for Bonzi.

5.     All documents supporting Uniroyal's contention that Uniroyal "in-house dollars" were spent to assist Uniroyal in meeting its contractual obligation (pursuant to Paragraph 3 of the Development Agreement) expenditures for the development of new Bonzi uses and formulations.

6.     All U.S. Department of Agricultural Census Reports concerning Bonzi usage on ornamental crops from 1991 to the present.

7.    All documents concerning Bonzi use which refers to or uses data contained in any U.S. Department of Agricultural Census Reports from 1991 to the present.

8.    For each "Trial Reference", field trial or other Research and Development which Uniroyal claims resulted in Uniroyal developing new uses for Bonzi, produce:

        (a)    documents concerning the grant-in-aid for each trial identified by a "Trial Reference";

        (b)    documents concerning the contract for each trial identified by a "Trial Reference";

        (c)    documents concerning financial expenditures or payments by Uniroyal in support of each trial identified by a "Trial Reference"; and

        (d)    documents indicating whether the trial associated with a "Trial Reference" was sponsored by Uniroyal.

9.    Documents identifying all locations, including but not limited to test plots, green houses and nurseries, owned or operated by Uniroyal, where Uniroyal performed field trials concerning Bonzi during the Relevant Time Trial.

8

Dated:        Stamford, Connecticut
              January 16, 2004

                              Respectfully submitted,

                              SHIPMAN & GOODWIN LLP

                              By: _____
                              William A. Ruskin (Fed. Bar No. ct20898)
                              R. Michael Meo (Fed. Bar No. ct 16318)
                              Shipman & Goodwin LLP
                              300 Atlantic Street
                              Stamford, Connecticut 06901
                              Telephone: (203) 324-8100
                              Facsimile: (203) 324-8199
                              E-mail: wruskin@goodwin.com
                              E-mail: rmeo@goodwin.com

                               - and -

                              Paul D. Sanson (Fed. Bar No. ct05477)
                              Karen T. Staib (Fed. Bar No. ct21119)
                              Shipman & Goodwin LLP
                              One American Row
                              Hartford, CT  06103
                              Telephone: (860) 251-5000
                              Facsimile: (860) 251-5600
                              E-mail: psanson@goodwin.com
                              E-mail: kstaib@goodwin.com
                              Its Attorneys

                                       9

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January 2004, a copy of the foregoing Third Set of Interrogatories and Fourth Request for Production of Documents was mailed via First Class Mail, postage prepaid, to:


Charles R. Corcoran, III, Esq.
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950


William A. Ruskin

105875 v.01

Exhibit F

RONO

## UNIROYAL CHEMICAL COMPANY

D.M. Coté
M.J. Duchesne
A.W. Dzialo
T.E. Geise
A.F. Ingulli
B.W. Jones
F.D. Judge
J.D. Kitsmiller
J.A. Lacadie
J.H. Martin
F.M. Morgan
W.A. Santulli

FROM:      K.L. Kelley

DATE:      February 18, 1991

SUBJECT:   BONZI<sup>R</sup> PROJECT STATUS UPDATE

Negotiations on the BONZI Development and Supply Agreements have been completed. Satisfactory contracts have been reached and signed. Copies have been distributed. If you have not received a copy of either the Supply or Development Agreement and you need one, please let me know.

Both agreements run from January 1, 1991 to December 31, 1996. Our product promotion commitment is for $36,000 in 1991 and $72,000 in each following year, calendar basis. The development commitment is for $40,000 in 1991 and $80,000 in each following year. It is recommended that involved departments maintain records to be able to document their expenditures for Bonzi promotion and development. UCC is to supply a report on an annual basis indicating that these expenditures were made and how they were made.

The Supply agreement is "evergreen", automatically renewing for one year terms, absent either party canceling by giving 180 days notice. The promotional expenditure commitment is ongoing. The development expenditure commitments end at the end of 1996.

If you have any questions regarding our Bonzi Agreements with ICI, please let me know.



DEFENDANT'S
EXHIBIT
Kelley 22
4/17/03

K L Kelley

CC 07174

Exhibit G

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNIROYAL CHEMICAL COMPANY, INC.,   :
d/b/a CROMPTON MANUFACTURING     :
COMPANY     :
    :    Civil Action No.
    Plaintiff,     :    3:02cv02253 (AHN)
    :
v.     :
    :
SYNGENTA CROP PROTECTION, INC.     :
    :
    Defendant.     :    FEBRUARY 6, 2004

## FOURTH SET OF INTERROGATORIES AND
## FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant,

SYNGENTA CROP PROTECTION, INC., by and through its undersigned attorneys, hereby

requests that Plaintiff respond to the following interrogatories and produce the requested

documents within thirty (30) days at the offices of Shipman & Goodwin LLP, 300 Atlantic

Street, Stamford, Connecticut 06901.

## Definitions and Instructions

1.      **"Uniroyal" or "Plaintiff"** shall refer to either Uniroyal Chemical Company, Inc. d/b/a Crompton Manufacturing Company, Crompton Corporation or Crompton Manufacturing Company.

2.      **"ICI"** refers to ICI Americas, Inc.

3.      **"Defendant"** refers to Syngenta Crop Protection, Inc. ("Syngenta"), <u>and</u> all of the various predecessor companies that succeeded to the rights and obligations of ICI under the Development Agreement and Supply Agreement, including ICI, Zeneca and Novartis.

4.      **"Bonzi"** refers to a certain plant growth regulating chemical known under the generic name of "Paclobutazol".

5.      **"Development Agreement"** shall refer to the Bonzi Development Agreement entered into between Uniroyal and ICI on January 29, 1991.

6.      **"Supply Agreement"** shall refer to the Bonzi Supply Agreement entered into on January 29, 1991 by Uniroyal and ICI.

7.      **"Development Field"** shall have the same definition as is contained in the Development Agreement.

2

8.    **"Communication"**  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9.    **"Document"**  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic (e.g. e-mail) or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

10.    **"Identify (with respect to persons)"**  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and telephone number and when referring to a natural person, additionally, the present or last known place of employment.  If the person identified was ever employed by Uniroyal, identify their most recent title and years of employment.

11.    **"Identify (with respect to documents)"**  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addresses(s) and recipient(s).

12.    **"Parties"**  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This

3

Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNIROYAL CHEMICAL COMPANY, INC.,   :
d/b/a CROMPTON MANUFACTURING     :
COMPANY                                     :

                                  :     Civil Action No.
      Plaintiff,                :     3:02cv02253 (AHN)
                                    :

v.                                 :

SYNGENTA CROP PROTECTION, INC.    :

                                  :
      Defendant.            :     JANUARY 16, 2004

## THIRD SET OF INTERROGATORIES AND
## FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant,

SYNGENTA CROP PROTECTION, INC., by and through its undersigned attorneys, hereby

requests that Plaintiff respond to the following interrogatories and produce the requested

documents within thirty (30) days at the offices of Shipman & Goodwin LLP, 300 Atlantic

Street, Stamford, Connecticut 06901.

## Definitions and Instructions

1.    **"Uniroyal" or "Plaintiff"** shall refer to either Uniroyal Chemical Company, Inc. d/b/a Crompton Manufacturing Company, Crompton Corporation or Crompton Manufacturing Company.

2.    **"Syngenta" or "Defendant"** shall refer to Syngenta Crop Protection, Inc.

3.    **"ICI"** shall refer to ICI Americas, Inc. and its successor, Zeneca Ag Products.

4.    **"Bonzi"** refers to a certain plant growth regulating chemical known under the generic name of "Paclobutazol".

5.    **"Development Agreement"** shall refer to the Bonzi Development Agreement entered into between Uniroyal and ICI on January 29, 1991.

6.    **"Supply Agreement"** shall refer to the Bonzi Supply Agreement entered into on January 29, 1991 by Uniroyal and ICI.

7.    **"EPA"** shall refer to the United States Environmental Protection Agency.

8.    **"Relevant Time Period"** shall refer to the January 29, 1991 – December 31, 2002 time period when the Supply Agreement was in effect.

9.    **"Development Field"** shall have the same definition as is contained in the Development Agreement.

2

10.    **"New Use or Formulation"** and **"New Use and Formulation"** shall have the same definition as in the Development Agreement.

11.    **"Trial Reference"** shall have the same meaning as intended by Uniroyal in the table attached to Uniroyal's Supplemental Responses to Defendant's First Set of Interrogatories and Second Request for Production of Documents, dated July 24, 2003 and refers to Bonzi field trials.

12.    **"In-house Dollars"** means money spent by Uniroyal on the development of new Bonzi uses during the Relevant Time Period to pay for the salaries and benefits of Uniroyal employees, in whole or in part.

13.    **"Communication"**  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

14.    **"Document"**  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic, including e-mail, or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

15.    **"Identify (with respect to persons)"**  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and

3

when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

16.     **"Identify (with respect to documents)"**  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addresses(s) and recipient(s).

17.     **"Parties"**  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

18.     **"Person"**  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

19.     **"Concerning"**  The term "concerning" means relating to, referring to, describing, evidencing or consulting.

20.     **"All/Each"**  The terms "all" and "each" shall be construed as all and each.

4

21.    **"And/Or"** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

22.    **"Number"** The use of the singular form of any word includes the plural and vice versa.

### Assertion of Claim of Privilege

23.    Where a claim of privilege is asserted, and an answer is not provided on the basis of such assertion,

A.    The attorney asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

B.    The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(1)    For documents:  (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addresses of the document, and

any other recipients shown in the document, and where not apparent, the relationship of the author, addresses, and recipients to each other;

   (2) A Privilege Log setting forth the requested information shall be furnished at the time the response to the document request is due.

  24. Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph 20 above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court.

<b><u>Interrogatories</u></b>

  1. For each "Trial Reference" and/or Bonzi field trial which Uniroyal contends supports its claim that it developed new uses or formulations for Bonzi:

   (a) identify the person(s) who performed the field trial and his employer; and

   (b) the institution or facility at which the field trial was performed and the owner of said institution or facility.

  2. Describe in detail the process by which Uniroyal accounted for and kept track of "in-house dollars" used for the development of new uses for Bonzi and/or Bonzi R&D during the Relevant Time Period.

6

**Request for Documents**

1.     All documents concerning Uniroyal's response to Interrogatory No. 1, including but not limited to all agreements, contracts and/or grant-in-aids entered into with cooperators or other persons who performed Bonzi field trials.

2.     All correspondence concerning Bonzi field trials between Uniroyal and the person(s) performing the Bonzi field trial referenced in Uniroyal's response to Interrogatory No. 1.

3.     All documents concerning Uniroyal 's response to Interrogatory No. 2.

4.     All documents reflecting or accounting for Uniroyal "in-house dollars" that were spent during the Relevant Time Period to develop new uses for Bonzi.

5.     All documents supporting Uniroyal's contention that Uniroyal "in-house dollars" were spent to assist Uniroyal in meeting its contractual obligation (pursuant to Paragraph 3 of the Development Agreement) expenditures for the development of new Bonzi uses and formulations.

6.     All U.S. Department of Agricultural Census Reports concerning Bonzi usage on ornamental crops from 1991 to the present.

7

7.    All documents concerning Bonzi use which refers to or uses data contained in any U.S. Department of Agricultural Census Reports from 1991 to the present.

8.    For each "Trial Reference", field trial or other Research and Development which Uniroyal claims resulted in Uniroyal developing new uses for Bonzi, produce:

        (a)    documents concerning the grant-in-aid for each trial identified by a "Trial Reference";

        (b)    documents concerning the contract for each trial identified by a "Trial Reference";

        (c)    documents concerning financial expenditures or payments by Uniroyal in support of each trial identified by a "Trial Reference"; and

        (d)    documents indicating whether the trial associated with a "Trial Reference" was sponsored by Uniroyal.

9.    Documents identifying all locations, including but not limited to test plots, green houses and nurseries, owned or operated by Uniroyal, where Uniroyal performed field trials concerning Bonzi during the Relevant Time Trial.

8

Dated:      Stamford, Connecticut
               January 16, 2004

Respectfully submitted,

SHIPMAN & GOODWIN LLP

By: _____

William A. Ruskin (Fed. Bar No. ct20898)
R. Michael Meo (Fed. Bar No. ct 16318)
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, Connecticut 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
E-mail: wruskin@goodwin.com
E-mail: rmeo@goodwin.com

  - and -

Paul D. Sanson (Fed. Bar No. ct05477)
Karen T. Staib (Fed. Bar No. ct21119)
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5600
E-mail: psanson@goodwin.com
E-mail: kstaib@goodwin.com
Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of January 2004, a copy of the foregoing Third Set

of Interrogatories and Fourth Request for Production of Documents was mailed via First Class

Mail, postage prepaid, to:


Charles R. Corcoran, III, Esq.
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950



William A. Ruskin


105875 v.01

10