Exhibit F

RONO

UNIROYAL CHEMICAL COMPANY

      D.M. Coté
      M.J. Duchesne
      A.W. Dzialo
      T.E. Geise
      A.F. Ingulli
      B.W. Jones
      F.D. Judge
      J.D. Kitsmiller
      J.A. Lacadie
      J.H. Martin
      F.M. Morgan
      W.A. Santulli

FROM:    K.L. Kelley

DATE:    February 18, 1991

SUBJECT:  BONZI$^R$ PROJECT STATUS UPDATE

    Negotiations on the BONZI Development and Supply Agreements have been completed. Satisfactory contracts have been reached and signed. Copies have been distributed. If you have not received a copy of either the Supply or Development Agreement and you need one, please let me know.

    Both agreements run from January 1, 1991 to December 31, 1996. Our product promotion commitment is for $36,000 in 1991 and $72,000 in each following year, calendar basis. The development commitment is for $40,000 in 1991 and $80,000 in each following year. It is recommended that involved departments maintain records to be able to document their expenditures for Bonzi promotion and development. UCC is to supply a report on an annual basis indicating that these expenditures were made and how they were made.

    The Supply agreement is "evergreen", automatically renewing for one year terms, absent either party canceling by giving 180 days notice. The promotional expenditure commitment is ongoing. The development expenditure commitments end at the end of 1996.

    If you have any questions regarding our Bonzi Agreements with ICI, please let me know.



K L Kelley

CC 07174

Exhibit G

Case 3:02-cv-02253-AHN     Document 60-7     Filed 05/13/2004     Page 3 of 18

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIROYAL CHEMICAL COMPANY, INC., d/b/a CROMPTON MANUFACTURING COMPANY | : : : : |
| Plaintiff, | : Civil Action No. : 3:02cv02253 (AHN) |
| v. | : : |
| SYNGENTA CROP PROTECTION, INC. | : : |
| Defendant. | : FEBRUARY 6, 2004 |

**FOURTH SET OF INTERROGATORIES AND**
**FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant, SYNGENTA CROP PROTECTION, INC., by and through its undersigned attorneys, hereby requests that Plaintiff respond to the following interrogatories and produce the requested documents within thirty (30) days at the offices of Shipman & Goodwin LLP, 300 Atlantic Street, Stamford, Connecticut 06901.

## Definitions and Instructions

1. **"Uniroyal" or "Plaintiff"** shall refer to either Uniroyal Chemical Company, Inc. d/b/a Crompton Manufacturing Company, Crompton Corporation or Crompton Manufacturing Company.

2. **"ICI"** refers to ICI Americas, Inc.

3. **"Defendant"** refers to Syngenta Crop Protection, Inc. ("Syngenta"), and all of the various predecessor companies that succeeded to the rights and obligations of ICI under the Development Agreement and Supply Agreement, including ICI, Zeneca and Novartis.

4. **"Bonzi"** refers to a certain plant growth regulating chemical known under the generic name of "Paclobutazol".

5. **"Development Agreement"** shall refer to the Bonzi Development Agreement entered into between Uniroyal and ICI on January 29, 1991.

6. **"Supply Agreement"** shall refer to the Bonzi Supply Agreement entered into on January 29, 1991 by Uniroyal and ICI.

7. **"Development Field"** shall have the same definition as is contained in the Development Agreement.

2

8. **"Communication"** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9. **"Document"** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic (e.g. e-mail) or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

10. **"Identify (with respect to persons)"** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and telephone number and when referring to a natural person, additionally, the present or last known place of employment. If the person identified was ever employed by Uniroyal, identify their most recent title and years of employment.

11. **"Identify (with respect to documents)"** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addresses(s) and recipient(s).

12. **"Parties"** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This

3

definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

13. **"Person"** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

14. **"Concerning"** The term "concerning" means relating to, referring to, describing, evidencing or consulting.

15. **"All/Each"** The terms "all" and "each" shall be construed as all and each.

16. **"And/Or"** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

17. **"Number"** The use of the singular form of any word includes the plural and vice versa.

### Assertion of Claim of Privilege

18. Where a claim of privilege is asserted, and an answer is not provided on the basis of such assertion,

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
300 ATLANTIC STREET • STAMFORD, CONNECTICUT 06901-3522 • (203) 324-8100 • FAX (203) 324-8199 • JURIS NO. 412577

A. The attorney asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

B. The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(1) For documents: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addresses of the document, and any other recipients shown in the document, and where not apparent, the relationship of the author, addresses, and recipients to each other;

(2) A Privilege Log setting forth the requested information shall be furnished at the time the response to the document request is due.

19. Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph 20 above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court.

5

### Interrogatories

1. Identify all persons that Uniroyal believes have knowledge concerning any of the allegations in paragraphs 19-67 of the Complaint in this action and for each such person specify the paragraph(s) in the Complaint with respect to which such person has knowledge.

2. Identify all persons that Uniroyal believes have knowledge concerning the scope and intent of the Development Agreement, including but not limited to the rights Uniroyal claims that it retained pursuant to Paragraph 4 of the Development Agreement.

3. To the extent that Uniroyal contends any word, phrase or portion of the Development Agreement is ambiguous or uncertain, identify the specific word, phrase or provision that is ambiguous or uncertain and

   a. identify all interpretations you contend said ambiguous or uncertain word, phrase or provision is susceptible to; and

   b. identify all persons responsible for drafting or negotiating any portion of said ambiguous or uncertain word, phrase or provision.

### Request for Documents

1. All documents concerning Uniroyal's response to Interrogatory No. 1.

2. All documents concerning Uniroyal's response to Interrogatory No. 2.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
300 ATLANTIC STREET • STAMFORD, CONNECTICUT 06901-3522 • (203) 324-8100 • FAX (203) 324-8199 • JURIS NO. 412577

3. All documents concerning Uniroyal's response to Interrogatory No. 3.

4. All documents concerning defendant's understanding of the scope and intent of the Development Agreement, including but not limited to the rights retained by Uniroyal.

5. For each of the new uses for Bonzi that Uniroyal alleges in the complaint that it developed, produce:

    (a) all documents concerning the sales of Bonzi for each of those new uses; and

    (b) all documents concerning Uniroyal's profits from the sale of Bonzi for each of those new uses.

6. All documents concerning Uniroyal's interest in acquiring Paclobutrazol and/or Bonzi from defendant during the 1996-2001 time period, including but not limited to:

    (a) all documents concerning its valuation of Bonzi in the United States.

    (b) all documents concerning the valuation of the rights to Bonzi Uniroyal retained pursuant to the Development Agreement.

7. All documents concerning Uniroyal's interest in revising or amending the terms of the Supply Agreement and Development Agreement from 1992-2002.

Dated: Stamford, Connecticut
February 6, 2004

                                      Respectfully submitted,

                                      SHIPMAN & GOODWIN LLP

By: _____
William A. Ruskin (Fed. Bar No. ct20898)
R. Michael Meo, Jr. (Fed. Bar No. ct16318)
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, Connecticut 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
E-mail: wruskin@goodwin.com
E-mail: rmeo@goodwin.com

                                      - and -

Paul D. Sanson (Fed. Bar No. ct05477)
Karen T. Staib (Fed. Bar No. ct21119)
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5600
E-mail: psanson@goodwin.com
E-mail: kstaib@goodwin.com
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February 2004, a copy of the foregoing Fourth Set of Interrogatories and Fifth Request for Production of Documents was mailed via First Class Mail, postage prepaid, to:

Charles R. Corcoran, III, Esq.
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950

William A. Ruskin

106570 v.01

9

Exhibit H

and contains special provisions designed to provide basic safeguards to assure the utility and integrity of recordings taken other than stenographically.

Paragraph (7) is revised to authorize the taking of a deposition not only by telephone but also by other remote electronic means, such as satellite television, when agreed to by the parties or authorized by the court.

**Subdivision (c).** Minor changes are made in this subdivision to reflect those made in subdivision (b) and to complement the new provisions of subdivision (d)(1), aimed at reducing the number of interruptions during depositions.

In addition, the revision addresses a recurring problem as to whether other potential deponents can attend a deposition. Courts have disagreed, some holding that witnesses should be excluded through invocation of Rule 615 of the evidence rules, and others holding that witnesses may attend unless excluded by an order under Rule 26(c)(5). The revision provides that other witnesses are not automatically excluded from a deposition simply by the request of a party. Exclusion, however, can be ordered under Rule 26(c)(5) when appropriate; and, if exclusion is ordered, consideration should be given as to whether the excluded witnesses likewise should be precluded from reading, or being otherwise informed about, the testimony given in the earlier depositions. The revision addresses only the matter of attendance by potential deponents, and does not attempt to resolve issues concerning attendance by others, such as members of the public or press.

**Subdivision (d).** The first sentence of new paragraph (1) provides that any objections during a deposition must be made concisely and in a non-argumentative and non-suggestive manner. Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond. While objections may, under the revised rule, be made during a deposition, they ordinarily should be limited to those that under Rule 32(d)(3) might be waived if not made at that time, i.e., objections on grounds that might be immediately obviated, removed, or cured, such as to the form of a question or the responsiveness of an answer. Under Rule 32(b), other objections can, even without the so-called "usual stipulation" preserving objections, be raised for the first time at trial and therefore should be kept to a minimum during a deposition.

Directions to a deponent not to answer a question can be even more disruptive than objections. The second sentence of new paragraph (1) prohibits such directions except in the three circumstances indicated: to claim a privilege or protection against disclosure (e.g., as work product), to enforce a court directive limiting the scope or length of permissible discovery, or to suspend a deposition to enable presentation of a motion under paragraph (3).

Paragraph (2) is added to this subdivision to dispel any doubts regarding the power of the court by order or local rule to establish limits on the length of depositions. The rule also explicitly authorizes the court to impose the cost resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction. This sanction may be imposed on a non-party witness as well as a party or attorney, but is otherwise congruent with Rule 26(g).

It is anticipated that limits on the length of depositions prescribed by local rules would be presumptive only, subject to modification by the court or by agreement of the parties. Such modifications typically should be discussed by the parties in their meeting under Rule 26(f) and included in the scheduling order required by Rule 16(b). Additional time, moreover, should be allowed under the revised rule when justified under the principles stated in Rule 26(b)(2). To reduce the number of special motions, local rules should ordinarily permit—and indeed encourage—the parties to agree to additional time, as when, during the taking of a deposition, it becomes clear that some additional examination is needed.

Paragraph (3) authorizes appropriate sanctions not only when a deposition is unreasonably prolonged, but also when an attorney engages in other practices that improperly frustrate the fair examination of the deponent, such as making improper objections or giving directions not to answer prohibited by paragraph (1). In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer. The making of an excessive number of unnecessary objections may itself constitute sanctionable conduct, as may the refusal of an attorney to agree with other counsel on a fair apportionment of the time allowed for examination of a deponent or a refusal to agree to a reasonable request for some additional time to complete a deposition, when that is permitted by the local rule or order.

**Subdivision (e).** Various changes are made in this subdivision to reduce problems sometimes encountered when depositions are taken stenographically. Reporters frequently have difficulties obtaining signatures—and the return of depositions—from deponents. Under the revision pre-filing review by the deponent is required only if requested before the deposition is completed. If review is requested, the deponent will be allowed 30 days to review the transcript or recording and to indicate any changes in form or substance. Signature of the deponent will be required only if review is requested and changes are made.

**Subdivision (f).** Minor changes are made in this subdivision to reflect those made in subdivision (b). In courts which direct that depositions not be automatically filed, the reporter can transmit the transcript or recording to the attorney taking the deposition (or ordering the transcript or record), who then becomes custodian for the court of the original record of the deposition. Pursuant to subdivision (f)(2), as under the prior rule, any other party is entitled to secure a copy of the deposition from the officer designated to take the deposition; accordingly, unless ordered or agreed, the officer must retain a copy of the recording or the stenographic notes.

### 2000 Amendment

**Subdivision (d).** Paragraph (1) has been amended to clarify the terms regarding behavior during depositions. The references to objections " to evidence" and limitations "on evidence" have been removed to avoid disputes about what is "evidence" and whether an objection is to, or a limitation is on, discovery instead. It is intended that the rule apply to any objection to a question or other issue arising during a deposition, and to any limitation imposed by the court in connection with a deposition, which might relate to duration or other matters.

The current rule places limitations on instructions that a witness not answer only when the instruction is made by a "party." Similar limitations should apply with regard to anyone who might purport to instruct a witness not to answer a question. Accordingly, the rule is amended to apply the limitation to instructions by any person. The amendment is not intended to confer new authority on nonparties to instruct witnesses to refuse to answer deposition questions. The amendment makes it clear that, whatever the legitimacy of giving such instructions, the nonparty is subject to the same limitations as parties.

Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition. The Committee has been informed that overlong depositions can result in undue costs and delays in some circumstances. This limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that the only time to be counted is the time occupied by the actual deposition. For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition. The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.

Parties considering extending the time for a deposition—and courts asked to order an extension—might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination. If the examination will cover events occurring over a long period of time, that may justify allowing additional time. In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit. If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred. In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest. Similarly, should the lawyer for the witness want to examine the witness, that may require additional time. Finally, with regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies.

It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court. The limitation is phrased in terms of a single day on the assumption that ordinarily a single day would be preferable to a deposition extending over multiple days; if alternative arrangements would better suit the parties, they may agree to them. It is also assumed that there will be reasonable breaks during the day. Preoccupation with timing is to be avoided.

The rule directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent. In addition, if the deponent or another person impedes or delays the examination, the court must authorize extra time. The amendment makes clear that additional time should also be allowed where the examination is impeded by an "other circumstance," which might include a power outage, a health emergency, or other event.

In keeping with the amendment to Rule 26(b)(2), the provision added in 1993 granting authority to adopt a local rule limiting the time permitted for depositions has been removed. The court may enter a case-specific order directing shorter depositions for all depositions in a case or with regard to a specific witness. The court may also order that a deposition be taken for limited periods on several days.

Paragraph (3) includes sanctions provisions formerly included in paragraph (2). It authorizes the court to impose an appropriate sanction on any person responsible for an impediment that frustrated the fair examination of the deponent. This could include the deponent, any party, or any other person involved in the deposition. If the impediment or delay results from an "other circumstance" under paragraph (2), ordinarily no sanction would be appropriate.

Former paragraph (3) has been renumbered (4) but is otherwise unchanged.

**Subdivision (f)(1):** This subdivision is amended because Rule 5(d) has been amended to direct that discovery materials, including depositions, ordinarily should not be filed. The rule already has provisions directing that the lawyer who arranged for the transcript or recording preserve the deposition. Rule 5(d) provides that, once the deposition is used in the proceeding, the attorney must file it with the court.

"Shall" is replaced by "must" or "may" under the program to conform amended rules to current style conventions when there is no ambiguity.

**GAP Report**

The Advisory Committee recommends deleting the requirement in the published proposed amendments that the deponent consent to extending a deposition beyond one day, and adding an amendment to Rule 30(f)(1) to conform to the published amendment to Rule 5(d) regarding filing of depositions. It also recommends conforming the Committee Note with regard to the deponent veto, and adding material to the Note to provide direction on computation of the durational limitation on depositions, to provide examples of situations in which the parties might agree—or the court order—that a deposition be extended, and to make clear that no new authority to instruct a witness is conferred by the amendment. One minor wording improvement in the Note is also suggested.

## HISTORICAL NOTES

**Effective Date of Amendment Proposed November 20, 1972**

Amendment of this rule embraced by the order entered by the Supreme Court of the United States on November 20, 1972, effective on the 180th day beginning after January 2, 1975, see section 3 of Pub.L. 93–595, Jan. 2, 1975, 88 Stat. 1959, set out as a note under section 2071 of Title 28.

Exhibit I

LEXSEE 2001 US DIST LEXIS 20637

JOHN L. SABRE, et al., Plaintiffs, -against- FIRST DOMINION CAPITAL, LLC, et al., Defendants.

01 Civ. 2145 (BSJ)(HBP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2001 U.S. Dist. LEXIS 20637; 51 Fed. R. Serv. 3d (Callaghan) 1405*

December 10, 2001, Decided
December 12, 2001, Filed

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** [*1] For JOHN L. SABRE, ALEXANDER L. BOLEN, ANDREW H. MARSHAK, MICHAEL A. MONTELEONE, plaintiffs: Thomas M. Campbell, Smith Campbell, L.L.P., New York, NY.

**JUDGES:** HENRY PITMAN, United States Magistrate Judge.

**OPINIONBY:** HENRY PITMAN

**OPINION:**

MEMORANDUM OPINION AND ORDER

PITMAN, United States Magistrate Judge:

In correspondence dated November 29, December 3 and December 4, 2001, the parties dispute whether the presumptive seven-hour time limit set forth in *Fed.R.Civ.P. 30(d)(2)* applies cumulatively to the testimony given by a witness in both his individual capacity and as a corporate representative pursuant to *Fed.R.Civ.P. 30(b)(6)* or whether the individual deposition and the 30(b)(6) deposition are subject to independent seven-hour presumptive time limits. For the reasons set forth below, I conclude that the latter interpretation is correct and that the depositions of an individual who is noticed as an individual witness pursuant to *Fed.R.Civ.P. 30(b)(1)* and who is also produced as a corporate representative pursuant to *Fed.R.Civ.P. 30(b)(6)* are presumptively subject to independent seven-hour time limits.

*Fed.R.Civ.P. 30(d)(2)* provides that "unless otherwise authorized by the court or stipulated [*2] by the parties, a deposition is limited to one day of seven hours." The 2000 Advisory Committee Notes to this amendment provide that "for purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."

A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity. 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2103 (2d ed. 1994). The distinct status of a 30(b)(6) deposition is confirmed by the Advisory Committee Notes to the 1993 amendments to the Federal Rules of Civil Procedure which expressly state that for purposes of calculating the number of a depositions in a case, a 30(b)(6) deposition is separately counted as a single deposition, regardless of the number of witnesses designated. As a separate deposition that probes the knowledge of the entity and not the personal knowledge of the individual testifying, [*3] a 30(b)(6) deposition should be subject to its own independent seven-hour limit.

If defendants' interpretation were correct, and a person who is both an individual witness and a 30(b)(6) witness were presumptively subject to a single seven-hour deposition there would be substantial potential for over-reaching. For example, any entity that wanted to limit the testimony of an individual could accomplish

Case 3:02-cv-02253-AHN   Document 60-7   Filed 05/13/2004   Page 18 of 18

Page 2
2001 U.S. Dist. LEXIS 20637, *; 51 Fed. R. Serv. 3d (Callaghan) 1405

that goal by designating the individual as a 30(b)(6) witness; under defendant's interpretation, every minute spent conducting the 30(b)(6) deposition would be deducted from the time available to probe the witness's individual knowledge. Conversely, defendants' interpretation would also permit an entity to curtail 30(b)(6) examinations by designating as a 30(b)(6) witness a person who previously testified for six-hours as an individual and has only one hour left on his or her presumptive seven-hour clock. An interpretation that would lead to such absurd results must be rejected.

This is not to say, however, that the inquiring party has carte blanche to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness. In the case of many closely held corporations, [*4] the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity. In such a situation, the witness could simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition. In addition, if the questioning at any deposition becomes repetitive or is otherwise being conducted in an oppressive manner, the aggrieved party can always make application for a protective order.

Accordingly, I conclude that the 30(b)(6) deposition of an witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit.

Dated: New York, New York

December 10, 2001

SO ORDERED

HENRY PITMAN

United States Magistrate Judge