UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIROYAL CHEMICAL COMPANY, INC. d/b/a CROMPTON MANUFACTURING COMPANY | : : : : |
| Plaintiff, | : Civil Action No. : 3:02CV02253 (AHN) |
| v. | : : |
| SYNGENTA CROP PROTECTION, INC. | : : |
| Defendant. | : MAY 5, 2004 |

## AFFIDAVIT OF GOOD FAITH

Pursuant to Federal Rule of Civil Procedure 37(a)(2)(A), (B) and Local Rule 37(a)(2), counsel for the defendant Syngenta Crop Protection, Inc. ("Syngenta") hereby submits the following affidavit in support of its Motion to Compel Discovery Responses.

1. I, William A. Ruskin, am a partner at the law firm of Shipman & Goodwin LLP, and represent Syngenta in the above-referenced matter.

2. On the following dates, Syngenta served discovery requests on plaintiff Uniroyal that are at issue in Syngenta's Motion to Compel, dated May 3, 2004:

(a) March 25, 2003 – First Request for Production of Documents;

(b) August 22, 2003 – Second Set of Interrogatories and Third Request for Production;

(c) February 6, 2004 – Fourth Set of Interrogatories and Fifth Request for Production.

(d) December 12, 2003 - Rule 30(b)(6) Notice of Deposition; and

(e) March 16, 2004 - Rule 30(b)(6) Supplemental Notice of Deposition.

3. In response to Uniroyal's objections to the Second Set of Interrogatories and Third Request for Production, I sent a letter dated November 6, 2003 to counsel for Uniroyal, Attorney Charles Corcoran, outlining the relevance and relationship of each of these requests regarding the field trials and marketing materials to the allegations of Uniroyal's Complaint and its requested relief.

4. Another good faith attempt to resolve these issues was made by letter dated December 16, 2003 to Attorney Corcoran. This letter also addressed the need for additional documents responsive to Request 18 in Syngenta's First Set of Interrogatories with respect to monetary expenditures for the development of Bonzi as required by and detailed in the Development Agreement between the parties.

5. By e-mail dated January 15, 2004, Syngenta reiterated its request to obtain documents in Uniroyal's field trial database, as well as contracts and financial information regarding the development of new uses in conjunction with other institutions. Based on deposition testimony of Laurie Treu, a Uniroyal employee, these documents may be in the possession of plaintiff. In a letter dated January 30, 2004 to Attorney Corcoran, I again requested the documents related to Uniroyal's alleged development expenses. To date, no such documents have been produced for the Research and Development at issue with the exception of a bar graph summarizing various expenses on an annual basis.

6. In the January 30, 2004 letter referenced above, I also requested identification of witnesses in response to Syngenta's Rule 30(b)(6) deposition notice. By letter dated February 27, 2004, I again noted that Uniroyal had only designated some of the Rule 30(b)(6) witnesses requested by Syngenta but several categories remained outstanding. Rule 30(b)(6) witnesses were raised most recently in an April 14, 2004 e-mail to Attorney Corcoran.

7. In a good faith attempt to resolve the various outstanding issues, I sent a letter dated March 8, 2004 to Attorney Corcoran outlining the interrogatories and requests for production to which he had objected. This letter included references to the financial documents supporting Uniroyal's alleged expenditures on Bonzi development, agreements with outside cooperators, and documents concerning Uniroyal's claim that its field data files (Bonzi Research & Development) were developed as a result of proprietary research efforts funded by Uniroyal. I further sought to obtain these documents by e-mail to Attorney Corcoran dated April 1, 2004.

8. By letter dated March 11, 2004, I narrowed the scope of Interrogatory No. 1 in Syngenta's Fourth Set of Interrogatories and Fifth Request for Production in an effort to address Uniroyal's objection. Syngenta has not yet received a response to this Interrogatory, which requires Uniroyal to identify persons with knowledge concerning particular paragraphs of plaintiff's Complaint.

9. In addition to the written correspondence noted above, I have also had numerous telephone conversations with Attorney Corcoran about these discovery issues in an effort to conduct good faith discussions about Syngenta's requests.

10. To date, the plaintiff continues to withhold the requested documents that are responsive to Syngenta's discovery requests.

_____
William A. Ruskin

Subscribed and sworn to before
me this 5 day of May, 2004.

_____
Notary Public

PHIEM NGUYEN
Comm. # 1304964
NOTARY PUBLIC - CALIFORNIA
City and County of San Francisco
My Comm. Expires May 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2004, a copy of the foregoing Affidavit of Good Faith was mailed, postage pre-paid to:

Charles R. Corcoran, III, Esq.
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950

R. Michael Meo, Jr.

369249 v.01 S3