UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIROYAL CHEMICAL COMPANY, INC., d/b/a CROMPTON MANUFACTURING COMPANY | : : : : |
| Plaintiff, | : Civil Action No. : 3:02CV02253 (AHN) : |
| v. | : : |
| SYNGENTA CROP PROTECTION, INC. | : : |
| Defendant. | : JUNE 30, 2004 |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT'S MOTION (i) TO COMPEL DISCOVERY
RESPONSES; (ii) TO COMPEL DEPOSITIONS; (iii) TO SERVE
ADDITIONAL INTERROGATORIES; and (iv) FOR EXTENSION OF TIME**

Since the filing of defendant Syngenta's[1] Motion to Compel Discovery dated May 12, 2004 (the "Motion"), and plaintiff Uniroyal's opposition thereto dated June 9, 2004 (the "Opposition"), the parties have reached agreement on the following issues raised in the Motion:

(1) Plaintiff has withdrawn its opposition to that part of the Motion seeking leave to serve an additional fifteen (15) interrogatories pertaining to plaintiff's damages claims. (See Opposition p. 15.) In return, defendant has agreed not to object to plaintiff's pending motion seeking leave to file an Amended Complaint adding CUTPA and unjust enrichment claims.

(2) Plaintiff's representation at page 15 of its Opposition advising the Court that the parties will conclude depositions of fact witnesses in July is not correct and resulted from an

---

[1] Unless otherwise stated, capitalized terms herein have the same meanings set forth in defendant's Motion to Compel dated May 12, 2004.

inadvertent drafting error. In fact, the parties wish to apprise the Court that no depositions are presently scheduled for July. Moreover, for family/personal reasons, plaintiff's counsel will not be working during the month of August. Therefore, the approximately sixteen or more additional fact depositions the parties desire to commence or complete will need to be taken in September, October and November.

Although the parties agree that the Scheduling Order should be extended (see Opposition pp. 15-16), they have not reached agreement concerning whether the Court should extend all dates in the current Scheduling Order for 180 days, as sought by defendant, or 120 days, as sought by plaintiff. Plaintiff's 120 day proposed extension would require the parties to complete fact discovery by approximately September 20, 2004. However, it would be physically impossible to complete the approximately sixteen or more contemplated fact depositions in a three week period after Labor Day, particularly as the majority of these depositions will be conducted out-of-state and will require considerable travel. In addition, a number of the deponents are non-party witnesses, who may need to be subpoenaed to compel their attendance at deposition. Therefore, defendant respectfully submits that it will take considerable effort to complete fact discovery even by November 19, 2004, the approximate fact discovery cut-off date contemplated by the instant Motion.

With respect to the remainder of plaintiff's Opposition, defendant replies as follows:

2

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
300 ATLANTIC STREET • STAMFORD, CONNECTICUT 06901-3522 • (203) 324-8100 • FAX (203) 324-8199 • JURIS NO. 412577

## ARGUMENT
### (Opposition pp. 2-4)

Much of Uniroyal's Opposition focuses on its dual arguments that many of the documents and information sought by Syngenta either do not exist, or were destroyed by Uniroyal. In support of these arguments, Uniroyal relies on deposition testimony of its employee, Kevin Donovan, who testified that documents concerning budgets for Bonzi development (i.e., field trials) from 1991 to 1995 were destroyed during an office consolidation that began during the year 2000. According to Mr. Donovan, Uniroyal "purged a good many of our files due to space limitations." Opposition at 4.

However, Mr. Donovan's testimony was limited to the destruction of **budget** documents; he did not specify what **other** categories of documents, if any, sought by Syngenta also were destroyed. Moreover, Mr. Donovan offered no personal knowledge of the breadth and scope of the Uniroyal document purge. Rather, he relied on at least three other Uniroyal employees -- Mr. Harger, Dr. Lacadie and Dr. Judge -- for this information. See Opposition at 3-4. Uniroyal has offered no information concerning the efforts by these three individuals -- or any other Uniroyal personnel -- to locate or identify these supposed non-existent or destroyed documents. Nor has it identified what categories of documents were destroyed in the year 2000; the extent to which these categories of documents include files requested by Syngenta; and

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
300 ATLANTIC STREET • STAMFORD, CONNECTICUT 06901-3522 • (203) 324-8100 • FAX (203) 324-8199 • JURIS NO. 412577

whether electronic backup copies of the documents sought were preserved.[2] Certainly if Uniroyal has lost or destroyed paper documents responsive to Syngenta's requests, it should be required to produce any computerized copies of those missing documents. Until Uniroyal provides this information, the Court should not accept Uniroyal's statement that "all documents responsive to the defendant's requests" have been produced.[3] See Opposition at 4.

**The Specific Discovery Requests**

**First Request for Production (Opposition pp. 4-5)**

Syngenta of course is not "under the impression" that Uniroyal is required to "create" documents that do not exist. However, Uniroyal's position that it possesses no documents responsive to certain requests strains credibility. For example, Uniroyal's complaint cites eight different "very profitable" Bonzi uses that Uniroyal claims it developed during the term of the parties' agreement. See Complaint ¶¶ 41, 43. Despite this allegation, Uniroyal has failed to produce any documents, responsive to Request No. 7, demonstrating how any of these alleged new uses led to higher Bonzi sales or profits.

---

[2] Indeed, Syngenta's March 16, 2004 Supplemental Notice of Deposition pursuant to Rule 30(b)(6) requests, among other things, that Uniroyal identify and produce a witness to be deposed on how Uniroyal maintains its records, both electronic and paper, and efforts undertaken by Uniroyal to identify and produce documents responsive to Syngenta's discovery requests. Uniroyal has not yet identified or produced a witness responsive to this topic.

[3] Uniroyal's assertion that many of the Bonzi business documents sought by Syngenta were destroyed in 2000 is further questionable because Bonzi was actively marketed by Uniroyal during 2000, and was a major product in Uniroyal's turf and ornamental business. One would expect it more likely that documents concerning products no longer being marketed, or other marginal products, would have been destroyed rather than documents concerning such an important item in Uniroyal's product line.

4

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*
300 ATLANTIC STREET • STAMFORD, CONNECTICUT 06901-3522 • (203) 324-8100 • FAX (203) 324-8199 • JURIS NO. 412577

If Uniroyal truly cannot produce any documentation supporting its claim that these eight specific "very profitable" Bonzi uses resulted in higher profits, Uniroyal should be precluded from offering evidence in support of such allegations at trial.

Moreover, Request No. 8 seeks documents relating to new uses of Bonzi that were developed by parties other than Uniroyal. During the relevant time period, Bonzi was the subject of studies and experimentation by cooperators, agricultural extension services and universities throughout the United States. It is indisputable that many advances in Bonzi uses resulted from the work of these third parties, and not Uniroyal. Uniroyal cannot object to this request on confidentiality grounds, as it is self-evident that information concerning new Bonzi uses developed by third parties is not proprietary to Uniroyal.

## Second Set of Interrogatories and Third Request for Production
### Interrogatories 1 and 2 (Opposition pp. 5-8)

Uniroyal's representation that all of the information requested by Interrogatory Nos. 1 and 2 is found in the approximately 3,000 pages of Bonzi field research data produced by Uniroyal does not comply with Uniroyal's disclosure obligations. These two interrogatories, each broken down into subparts, request specific, detailed information regarding "trial references" associated with new uses and formulations of Bonzi. Uniroyal cannot respond to these precise questions with an imprecise reference to thousands of pages of documents. Syngenta is not obligated to sift through these thousands of pages of documents to parse out the specific information that is the subject of its interrogatories. See United States Sec. and Exch. Comm'n v. Elfindepan, 206 F.R.D. 574, 576 (M.D.N.C. 2002) (holding that in responding to

5

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
300 ATLANTIC STREET • STAMFORD, CONNECTICUT 06901-3522 • (203) 324-8100 • FAX (203) 324-8199 • JURIS NO. 412577

interrogatories, "document dumps or vague references to documents do not suffice"); Natural Res. Def. Council, Inc. v. Fox, 1996 U.S. Dist. LEXIS 12810, at *11 (S.D.N.Y. 1996) (holding that "[i]t is an abuse of the [Rule 33(d)] option to merely direct the interrogating party to a mass of business records") (internal citations omitted).

Furthermore, Uniroyal's claim that it prepared two charts summarizing certain information contained in the field research reports, "although it had no obligation to do so," is disingenuous. Uniroyal most certainly is obligated to provide information requested by Syngenta's interrogatories, whether in chart or some other format. Moreover, by its own admission Uniroyal has provided only "certain" -- but not all -- of the requested information. Among the missing information is the identity of the institution or facility at which field trials on purported new uses of Bonzi were performed (Interrogatory 2(c)), and what rights to the field trial data were retained by that institution or facility (Interrogatory 2(d)). That information is directly relevant to the central issues of whether these Bonzi field trials are proprietary to Uniroyal, and whether Syngenta misappropriated any such proprietary property.

**Request for Production No. 7 (Opposition pp. 8-9)**

As explained above, Uniroyal's reliance on Mr. Donovan's lack of knowledge of the existence of the documents sought by this request is insufficient to satisfy Uniroyal's discovery obligations. Uniroyal should be required to perform a more detailed investigation before concluding that the requested documents "simply do not exist."

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
300 ATLANTIC STREET • STAMFORD, CONNECTICUT 06901-3522 • (203) 324-8100 • FAX (203) 324-8199 • JURIS NO. 412577

**Request for Production No. 10 (Opposition pp. 9-10)**

      With respect to Request for Production No. 10, documents concerning Uniroyal's consideration of marketing its own generic paclobutrazol product are directly relevant to both liability and damages issues. Uniroyal alleges that Syngenta's December 2002 termination of the Bonzi Supply Agreement constituted a breach of contract and was an act of bad faith. However, an e-mail document already produced by Uniroyal indicates that in early 2002, Uniroyal itself was considering terminating the Supply Agreement so that it could market its own generic paclobutrazol product to compete with Bonzi. If, in fact, Uniroyal believed that it was free to terminate the Supply Agreement in early 2002, that would be highly relevant to its claim that Syngenta improperly terminated that same agreement later in 2002.

      Moreover, Uniroyal seeks to recover damages from Syngenta based on Uniroyal's lost profits, and/or Syngenta's future profits, for the sale of Bonzi. A key component to those calculations is the extent to which Bonzi sales are adversely affected by competition from generic paclobutrazol that began entering the market in or about January 2003, which is the time that Syngenta began marketing Bonzi. Uniroyal has in its possession documents concerning generic competition not only from third parties, but also from Uniroyal itself. Uniroyal's business projections for its own generic Bonzi competitor, both before **and** after Syngenta's termination of the Supply Agreement, are directly relevant to the future expected profits of Bonzi, and thus to the damages claims in this litigation.

      Uniroyal's protestation that the requested documents are "highly confidential and proprietary documents" that are sought "for the purpose of competitive advantage" is a red

7

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
300 ATLANTIC STREET • STAMFORD, CONNECTICUT 06901-3522 • (203) 324-8100 • FAX (203) 324-8199 • JURIS NO. 412577

herring. Syngenta has submitted to the Court a proposed confidentiality order that includes a mechanism for designating certain highly sensitive documents as "Attorneys Eyes Only." Subject to and until the Court's entry of a confidentiality order, the parties have informally agreed to respect the proprietary nature of documents exchanged in discovery bearing the legend "Confidential: Attorneys Eyes Only," and not share those documents with business persons who conceivably could use the information to their competitive advantage.[4] Producing the requested documents in this manner would eliminate Uniroyal's perceived risk that the documents could be used to its competitive disadvantage.

**Request for Production Nos. 12 and 13 (Opposition pp. 10-11)**

Once again, the fact that two deposed Uniroyal witnesses, Laurie Treu and Kevin Kelly, have no recollection of the "Confidential Information (Out)" agreement is not conclusive that no documents related to that agreement exist. Uniroyal should be put to the task of establishing this as outlined above.

### Fourth Request for Production (Opposition pp. 11-13)

Mr. Donovan, who testified that he has no knowledge of documents concerning "in-house" dollars spent by Uniroyal on Bonzi development, does not speak for the entire corporation on that subject. A more detailed investigation should be required before concluding that no responsive documents exist.

---

[4] Syngenta neither stipulates nor concedes that the documents that Uniroyal already has produced as "Confidential: Attorneys Eyes Only" are properly so designated. However, it has agreed to respect Uniroyal's confidentiality designations subject to the Court's ruling on that issue.

8

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
300 ATLANTIC STREET • STAMFORD, CONNECTICUT 06901-3522 • (203) 324-8100 • FAX (203) 324-8199 • JURIS NO. 412577

## CONCLUSION

For the reasons set forth above, as well as in defendant's moving memorandum, defendant's Motion should be granted, together with such other and further relief as the Court deems proper.

DEFENDANT
SYNGENTA CROP PROTECTION, INC.

By: _____
William A. Ruskin
Fed. Bar No. ct20898
R. Michael Meo, Jr.
Fed. Bar No. ct16318
Amy E. Souchuns
Fed. Bar No. ct21223
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, Connecticut 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
E-mail: wruskin@goodwin.com
E-mail: rmeo@goodwin.com
E-mail: asouchuns@goodwin.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June 2004, a copy of the foregoing Reply Memorandum was mailed, postage pre-paid to:

Charles R. Corcoran, III, Esq.
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950

_____
R. Michael Meo, Jr.

111276 v.04

Case 3:02-cv-02253-AHN    Document 76    Filed 06/30/2004    Page 10 of 10

10

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*
300 ATLANTIC STREET • STAMFORD, CONNECTICUT 06901-3522 • (203) 324-8100 • FAX (203) 324-8199 • JURIS NO. 412577