```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


UNIROYAL CHEMICAL COMPANY INC,:
d/b/a/ CROMPTON MANUFACTURING :
COMPANY                       :
                              :
        Plaintiff,            :
                              :
v.                            :  CIV. NO. 3:02cv2253 (AHN)
                              :
                              :
SYNGENTA CROP PROTECTION,     :
                              :
        Defendant._____    :
```

                    RULING ON DISCOVERY MOTIONS

I. Introduction

   This case involves a contract dispute over the rights and obligations of the parties under development and supply agreements concerning a plant growth regulator called paclobutrazol, marketed by the defendant under the trademark "Bonzi." Defendant moves to compel the production of documents marked by plaintiffs as attorney-client privileged [doc # 33]. In a separate motion, defendant moves to compel the production of documents that have been withheld by plaintiffs as "confidential, attorneys' eyes only" [doc # 29]. Defendant also seeks entry of its proposed confidentiality order and attorneys' fees and costs incurred in the making of the motion. For the reasons that follow, defendant's motion to compel [doc # 33] is denied, and

defendant's motion to compel [doc # 29] is granted in part and denied in part.

II. <u>Defendant's motion to compel plaintiff to produce documents identified in plaintiff's privilege log dated May 28, 2003 [doc # 33]</u>

Under Connecticut law[1], the following test is used to evaluate a party's claims of privilege: "(1) where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived." <u>Walsh v. Seaboard Sur. Co.</u>, 184 F.R.D. 494, 495-496 (D. Conn. 1999)(citing <u>EDO Corp. v. Newark Ins. Co.</u>, 145 F.R.D. 18, 21 (D. Conn. 1992).

The privilege apples to communications between officials or employees of a corporate entity, provided the following conditions are met: "(1) the attorney must be acting in a

---

[1] "[A] federal court sitting in diversity must apply state law to privilege issues but federal law to those involving work product." <u>EDO Corp. v. Newark Ins. Co.</u>, 145 F.R.D. 18, 21 (D. Conn. 1992). In this case, plaintiffs have sued in diversity and have not alleged any federal causes of action. Therefore, Connecticut law applies to plaintiffs' claims of privilege.

professional capacity for the agency, (2) the communications must relate to the legal advice sought by the agency from the attorney, and (3) the communications must be made in confidence." Pas Associates v. Twin Laboratories, Inc., 2001 WL 1659446 (Conn. Super. 2001) at *3 (citing Cadlerock Properties v. Commissioner, 253 Conn. 661, 675 n. 13 (2002), cert. denied, 531 U.S. 1148 (2001)); Shew v. Freedom of Information Commission, 44 Conn.App. 611, 620-21, 691 A.2d 29 (1997).

Having reviewed each of the documents at issue, this court concludes that this standard has been met by the documents for which the attorney-client privilege was asserted.

The defendant argue that plaintiffs have waived the privilege by placing the communications "at issue" in the case. The "at issue" exception is invoked "only when the contents of the legal advice is integral to the outcome of the legal claims of the action." Metropolitan Life Ins. Co. v. Aetna Cas. & Sur. Co., 249 Conn. 36, 52-53 (D.Conn. 1999)(citing Remington Arms Co. v. Liberty Mutual Ins. Co., 142 F.R.D. 408, 412-15 (D.Del. 1992)(applying Connecticut law)). "Such is the case when a party specifically pleads reliance on an attorney's advice as an element of a claim or defense, voluntarily testifies regarding portions of the attorney-client communication, or specifically places at issue, in some other manner, the attorney-client relationship." Id. at 53. This occurs if the issue cannot be

determined without an examination of that advice. Id. "If the information is actually required for a truthful resolution of the issue on which the party has raised . . . the party must either waive the attorney-client privilege as to that information or it should be prevented from using the privileged information to establish the elements of the case." Id. (citing Remington Arms Co. v. Liberty Mutual Ins. Co., 142 F.R.D. at 415).

In this case, the plaintiff has not pleaded reliance on any information or advice contained in the privileged documents. Plaintiff's initiation of a breach of contract action does not automatically place the actual legal advice that went into the contract negotiations "at issue." See Metropolitan Life Ins. Co. v. Aetna Cas. & Sur. Co., 249 Conn. at 54 (holding that reliance upon legal advice within the process of adhering to contract terms does not automatically place the actual legal advice at issue). Therefore, plaintiff has not waived the attorney-client privilege with respect to the documents for which it was asserted.

III. Defendant's motion to compel plaintiff to produce documents [doc # 29]

   A. Background

In response to defendant's First Request for Production of Documents and defendant's First Set of Interrogatories and Second

Request for Production of Documents, the plaintiff marked approximately 5,000 pages of documents as "confidential, attorneys' eyes only." Plaintiff has produced the documents for inspection by defendant's outside counsel, but seeks to limit the production of the documents to defendant's outside counsel, and outside experts only. Both parties agree that much of the discovery in this case is confidential but, after some negotiation, have failed to agree on the terms of a confidentiality order. The primary dispute is over the level of protection that should be afforded to Uniroyal's "field trial database," which contains the underlying technical research into the new uses plaintiff alleges it developed for Bonzi. Uniroyal also seeks to keep information about its marketing strategy confidential.

B.  Legal Standard

Federal Rule 26(c)(7) of the Federal Rules of Civil Procedure provides that the court may enter an order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). The party seeking a protective order has the burden of demonstrating that good cause exists for issuance of the order. Wilcock v. Equidev Capital L.L.C., 2001 U.S. Dist. LEXIS 11744, at *2 (S.D.N.Y. 2001); In re

Agent Orange Product Liability Litigation, 821 F.2d 139, 145 (2d Cir. 1987). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Id. (citing The Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 143 (S.D.N.Y. 1997). To satisfy the burden of showing good cause, the moving party must demonstrate that "disclosure will work a clearly defined and very serious injury." Cuno, Inc. v. Pall Corp., 117 F.R.D. 506, 508 (E.D.N.Y. 1987); Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd., 529 F. Supp. 866, 891 (E.D.Pa. 1981); United States v. International Business Machines Corp., 67 F.R.D. 40, 46 (S.D.N.Y. 1975). The movant must also show that there "will indeed be harm by disclosure." Id.; Zenith Radio Corp., 529 F. Supp. at 891.

Whether information merits protection in a particular case depends upon: 1) the extent to which the information is known outside the business; 2) the extent to which information is known to those inside the business; 3) the measures taken to guard the secrecy of the information; and 4) the value of the information to the business and its competitors. Id.; Sullivan Marketing Inc. v. Valassis Commmunications, Inc. 1994 WL 177795, at *2 (S.D.N.Y. 1994). Pricing and marketing information are widely held to be confidential business information that may be subject to a protective order." Vesta Corset Co. V. Carmen Foundations,

6

Inc., 1999 WL 13257, at *2 (S.D.N.Y.1999); Sullivan Marketing Inc., 1994 WL 177795, at *1.

In addition, courts often afford fuller protection to technical, proprietary information than that extended to ordinary business information. Davis v. AT & T Corp., 1998 WL 912012, at *1 (W.D.N.Y. 1998); Safe Flight Instrument Corporation v. Sundstrand Data Control Inc., 682 F.Supp. 20,22 (D.Del. 1998). Where a party seeks a protective order restricting the scope of discovery of technical, proprietary information, the court should balance the "the interests in full disclosure of relevant information and reasonable protection from economic injury." Davis, 1998 WL 912012 at *2; Safe Flight, 682 F.Supp. at 23. Relevant considerations in striking this balance include:  1) whether the person receiving the confidential information is involved in competitive decision making or scientific research relating to the subject matter of the patent, 2) the risk of inadvertent disclosure of proprietary information, 3)the hardship imposed by the restriction, 4) the timing of the remedy and, 5) the scope of remedy. Id.

Courts may choose to utilize an "umbrella approach" when a large number of confidential documents are at issue. Cipollone v. Liggett Group Inc. 785 F.2d 1108, 1122 (3d Cir. 1986). Under this approach, the umbrella order initially protects all documents that the producing party designates in good faith as

confidential. The opposing party can designate specific documents it believes to be not confidential, and the movant would have the burden of proof in justifying the protective order with respect to those documents. Id. The burden of proof remains at all times on the party seeking the protective order. Id.

### C. Discussion

#### 1. Field Trial Database

Under the terms of Syngenta's proposed order, Uniroyal may freely label the field trial database as "confidential, attorneys' eyes only." In addition to Syngenta's outside counsel, this classification would also permit disclosure of the documents to three Syngenta employees, after they signed a confidentiality agreement. The three employees selected by Syngenta are Attorney Alan Nadel, in-house council with Syngenta; Dr. David Ross, a Technical Manager for ornamental products that provides technical support for Bonzi but is not involved in Bonzi marketing; and Dr. Joseph DiPaola, who is in marketing in the Turf and Ornamentals business group, but is not involved in Bonzi marketing.

Uniroyal's proposed order differs significantly because it limits disclosure of documents marked as "confidential, attorneys' eyes only" to outside counsel and outside experts

only.  Uniroyal objects to disclosing the field trial database to Syngenta employees because it would place Uniroyal at a competitive disadvantage.  Uniroyal asserts that the database contains research data that would be valuable to Syngenta in marketing Bonzi in competition with Uniroyal's marketing of the generic, paclobutrazol.  At oral argument on the motion to compel, Uniroyal proposed to allow Syngenta employees full access to the database, provided that no notes or copies be made of the documents.  Alternatively, Uniroyal offered to produce two page summary reports of the results of the field trials, which it proposes should be marked at the higher level of confidentiality for viewing only by the three designated Syngenta employees.

   Syngenta argues that its designated employees need full access to the database in order to prepare its defense to Uniroyal's claim that Syngenta is improperly marketing uses for Bonzi that were developed by Uniroyal.  Syngenta has not retained outside experts; thus, Syngenta argues, its defense will be hamstrung should its employees not be permitted to see the information.

   Upon careful review of the memoranda and considering the arguments presented, the court finds that, in addition to a first level of "confidential" upon which the parties agree, two additional levels of confidentiality are appropriate in this case.

"Level 2" restricts disclosure of documents marked as such to outside counsel, outside experts, and three designated employees of each company.

"Level 3" restricts disclosure of documents marked as such to outside counsel and outside experts only.

With respect to the field trial database, Uniroyal has satisfied the court that allowing Syngenta unrestricted access to the field trials database would result in a "clearly defined and serious injury" to plaintiff. Uniroyal asserts that it will be in direct competition with Syngenta in marketing uses for the generic paclobutrazol. Specifically, Uniroyal contends that Syngenta, if given access to the data base, would be able to "provide growers with specific rate recommendations based on the plant variety, age/growth stage, application method, and Growing Conditions. . . which would further support Syngenta's support of the uses that are the subject of this lawsuit." (Pl.'s Opp. Mem. at 17.) While Uniroyal has made the results of the field research trials available, the underlying research has remained confidential.

These considerations weigh in favor of entering a protective order allowing plaintiff to label the field trial research at Level 3, to be disclosed only to Syngenta's outside counsel and outside experts, should Syngenta choose to retain any. However, under the terms of this order, the defendant may challenge the

labeling of specific documents it believes are improperly labeled at Level 3. If the parties are thereafter unable to agree upon the classification of specific documents, they may then seek the assistance of the court in resolving the dispute. The burden of proof remains with the plaintiff to demonstrate good cause for the need for protection of challenged documents.

Accordingly, defendant's motion to compel with regard to the field trial database is denied. The court orders that Uniroyal disclose the two page summaries of the field trials, which may be marked at Level 2, to Syngenta (to be viewed by outside counsel and the three designated Syngenta employees), within ten (10) days of docketing of this ruling. The field trial database shall remain available for inspection by Syngenta's outside counsel and the designated Syngenta employees, provided a confidentiality agreement is signed and no notes or copies are retained by Syngenta employees.

### 2. Additional Requests for Production

In addition, defendants seeks production of several categories of documents responsive to their First Request for the Production of Documents which have also been withheld as confidential. For the reasons discussed below, plaintiff's motion to compel is granted.

Request No. 8 seeks documents concerning uses for Bonzi

"developed by persons other than Uniroyal." The plaintiff has not met its burden of demonstrating how disclosure of this information would work a clearly defined and serious injury to plaintiff.

Request No. 18 seeks documents concerning Uniroyal's "monetary expenditures for promotion and technical development to Bonzi."  Uniroyal has not demonstrated with specificity how disclosure of this information will result in revealing marketing strategy or will otherwise work a clearly defined and serious injury.

Request No. 17 seeks documents concerning Uniroyal's PGR Management Schools, "How-To" videos and detailed Technical Use Guides.  Plaintiff has not shown that these education and training materials are confidential and not intended for distribution outside the company.

Request No. 26 seeks "correspondence, memoranda, notes, and e-mail concerning Bonzi prepared by or provided to Laureen Treu or Al Ingulli, including documents maintained by them." Request No. 15 seeks documents concerning or relating to "Syngenta's Bonzi label and any analysis it developed during the term of the Development Agreement."  Request No. 16 seeks documents concerning or relating to "Uniroyal's interpretation or understanding of its rights and obligations under the Development Agreement and Supply Agreement from the date of receipt of Travis

12

Dickinson's letter, dated June 26, 2002." The plaintiff has not shown with specificity what injury would result from disclosure of documents responsive to the above requests.

Accordingly, the court orders the plaintiff to disclose responsive documents within ten (10) days of the docketing of this ruling. Plaintiff may mark specific documents from this production request as Level 3 only upon a showing of good cause.

### 3. Confidentiality Order

The parties shall endeavor to agree upon a draft of a confidentiality order that complies with the terms of this ruling and order. If the parties are unable to agree after reasonable efforts have been made, the court will enter a confidentiality order. The parties shall report back to the court on the status of these discussions within ten (10) days of the docketing of this ruling.

The court denies the defendants' request for attorneys' fees and costs associated with the making of the motion.

## IV. Conclusion

For the reasons discussed herein, defendant's motion to compel [**doc # 33**] is **denied**, and defendant's motion to compel [**doc # 29**] is **granted in part and denied in part**.

This is not a recommended ruling. This is a discovery ruling which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 21 day of July 2004.

__/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE