## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNIROYAL CHEMICAL COMPANY, INC., | : | |
| d/b/a CROMPTON MANUFACTURING | : | |
| COMPANY | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 3:02cv02253 (AHN) |
| | : | |
| v. | : | |
| | : | |
| SYNGENTA CROP PROTECTION, INC. | : | |
| | : | |
| Defendant. | : | November 15, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA DUCES TECUM SERVED UPON DAVID JUDGE

The plaintiff hereby submits this memorandum of law in support of its motion to quash a subpoena duces tecum and for protective order with respect to a document production subpoena directed to a non-party witness.  Plaintiff moves to quash the subpoena and for a protective order because the subpoena is overbroad, and requires production of documents which are not relevant, and which contain proprietary and confidential business information.  In addition, the plaintiff moves for a protective order with respect to those specific production requests requiring production of documents dealing with generic pacobutrazol.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The defendant in this matter, Syngenta Crop Protection, served Dr. David Judge, a former employee of Plaintiff and himself a non-party to the above case, with

{N0724386}

a broad subpoena duces tecum seeking virtually unlimited disclosure of materials relating to this litigation at his deposition, which has been scheduled by agreement of the parties for tomorrow, November 16, 2004.  A copy of the subpoena is attached hereto as Exhibit A.

This subpoena by its terms would require Dr. Judge to produce extensive materials including notebooks maintained by Dr. Judge that contain proprietary materials and trade secrets of plaintiff.  The undersigned counsel for the plaintiff first learned of Dr. Judge's personal notebooks during a meeting on November 5, 2004. Counsel for the plaintiff agreed to produce these notebooks to opposing counsel subject to redaction of non-responsive and irrelevant entries in the notebooks. The defendant has now taken the position that it is entitled to production of the notebooks in their entirety. Although highly confidential to the plaintiff, the great majority of the information in these notebooks has no relevance to the present litigation. Therefore, the plaintiff objects to the production of these notebooks in their unredacted form. In addition, the subpoena commanded Mr. Judge to produce, among other things, the following documents:

1. All documents in your possession reflecting, referring or relating to the plant growth regulating product "Bonzi", or any generic paclobutrazol product that was or is being considered for development, manufacture or sale by Uniroyal Chemical Company, Inc. and/or Crompton Manufacturing Company (collectively, "Uniroyal") …

4. All documents in your possession reflecting, referring or relating to the production and research of a generic paclobutrazol by Uniroyal.

{N0724386}

Any information regarding plaintiff's consideration of generic paclobutrazol is proprietary and a trade secret. The plaintiff has previously objected to the production of this material. *See*, memoranda in support of motion to strike and dismiss counterclaims, and supplemental brief in opposition to defendant's motion to compel, attached hereto as Exhibit B. The court has not yet issued an order regarding the production of documents dealing with development and marketing of generic paclobutrazol. Plaintiff therefore seeks an order quashing the subpoena or, in the alternative for a protective order that only such materials as relate to this action and do not constitute proprietary or trade secret information be produced during Dr. Judge's deposition.

## II.    <u>ARGUMENT</u>

### A.    **Applicable Discovery Standards.**

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena served upon a non-party witness may be quashed or modified when it "requires disclosure of privileged or other protected matter." Fed. R. Civ. Proc. 45 (c)(3)(A)(iii). A similar provision for limitation of the scope of a subpoena is also found in the Federal Rules of Civil Procedure regarding discovery. Fed. R. Civ. Proc. 26(b)(2); <u>United States Environmental Protection Agency v. General Electric</u>, 197 F.3d 592, 597 (2d Cir. 1999, *rehearing granted on other grounds*, 212 F.3d 689, *remanded on other grounds*). Similarly, under Rule 45, a subpoena may be quashed when it requires the disclosure of a trade secret, or other confidential research, development, or

3

commercial information.    Fed. R. Civ. Proc. 45(c)(3)(A)(B)(i).    Furthermore, a

subpoena duces tecum may not subject a person to "undue burden."  Fed. R. Civ. Proc.

45(c)(3)(A)(iv).

These rules recognize that, although the Federal Rules contemplate liberal

discovery, certain matters may not be discoverable.  It is within the court's discretion

to determine whether discovery should be limited based on the relevant facts and

circumstances of a particular case, In re DG Acquisition Corp., 151 F.3d 75, 79 (2d

Cir. 1998); Gelb v. American Telegraph & Telephone Co., 813 F. Supp.1022

(S.D.N.Y. 1993).

###    B.    The Subpoena Seeks Confidential, Proprietary And Private Information.

The federal courts have long recognized a qualified evidentiary privilege for

trade secrets and confidential commercial information.    Federal Open Market

Committee of Federal Reserve System v. Merrill, 443 U.S. 340, 356 (1979).  The

Federal Rules of Civil Procedure provide similar qualified protection for trade secrets

and confidential commercial information in the civil discovery context.  Federal Rule

Civ. Proc. 26(c)(7); Id.    Confidential business information should be protected in

litigation.  See Solomon Smith Barney, Inc. v. HBO, 2001 WL 225040, *3 (S.D.N.Y.

2001).  It is proper to quash subpoenas seeking confidential information, absent a

showing of substantial need for material that cannot be obtained otherwise without

undue hardship.  9 Moore's Federal Practice § 45.04[3][c].

4

{N0724386}

This case involved the parties' respective rights to new uses for the chemical Bonzi developed by the plaintiff during the terms of the parties contract with one another. Any information sought by the defendant dealing with other products developed, marketed or sold by the plaintiff is irrelevant to this litigation. Furthermore, the plaintiff has previously objected to any request that it produce documents dealing with generic paclobutrazol.

## **CONCLUSION**

For all the foregoing reasons, the defendant respectfully requests that this Court grant its Motion to Quash.

PLAINTIFF
UNIROYAL CHEMICAL COMPANY, INC.
d/b/a CROMPTON MANUFACTURING
COMPANY


By:/s/_____

Charles F. Corcoran, III (ct 04299)
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT  06509-1950
Tel:  (203) 777-5501
Fax:  (203) 784-3199
E-mail:ccorcoran@carmodylaw.com

Its Attorneys

5

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the above date, to:

William A. Ruskin
(Fed. Bar No. ct20898)
R. Michael Meo, Jr.
(Fed. Bar No. ct16318)
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, CT  06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
E-mail: wruskin@goodwin.com
E-mail: rmeo@goodwin.com

Paul D. Sanson (Fed. Bar No. ct05477)
Karen T. Staib (Fed. Bar No. ct21119)
Amy E. Souchuns (Fed.Bar No ct21223)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
Telephone: (860) 251-5000
Facsimile: (860) 251-5600
E-mail: psanson@goodwin.com
E-mail: kstaib@goodwin.com
E-mail: asouchuns@goodwin.com


_/s/_____
Charles F. Corcoran, III

6

{N0724386}