UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT                 2004 NOV 15  P 2: 50

| | |
|---|---|
| UNIROYAL CHEMICAL COMPANY, INC., d/b/a CROMPTON MANUFACTURING COMPANY : : : : Plaintiff, : : v. : : SYNGENTA CROP PROTECTION, INC. : : Defendant. : | Civil Action No. 3:02cv02253 (AHN) November 15, 2004 |

### DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MAY 12, 2004 MOTION TO COMPEL CONCERNING REQUEST FOR PRODUCTION NO. 10 AND OTHER DISCOVERY

Defendant Syngenta Crop Protection, Inc. ("Syngenta") files this brief in response to plaintiff's supplemental brief, dated October 28, 2004 ("Plaintiff's Supplemental Brief"), and in further support of Syngenta's Motion to Compel, dated May 12, 2004.

As it did at the October 13, 2004 discovery hearing (the "October 13 Hearing"), plaintiff has attempted to turn the dispute concerning discovery of Uniroyal's generic product documents into an argument over the merits of Syngenta's counterclaims. That issue is not before this Court.[1] What is before this Court is plaintiff's repeated efforts to deny Syngenta access to

---

[1] The merits of Syngenta's counterclaims are challenged by plaintiff's Motion to Strike and Dismiss dated August 19, 2004 (the "Motion to Dismiss"), presently before Judge Nevas. Plaintiff notes in its Supplemental Brief that its Motion to Dismiss was granted pursuant to Local Rule 9(a) on October 26, 2004. However, plaintiff conveniently neglects to disclose that Syngenta timely filed its opposition to the Motion to Dismiss on October 12, 2004. This is particularly curious since Syngenta's counsel offered a hand-delivered copy of that opposition to plaintiff's counsel *at the October 13 discovery hearing*. Indeed, it is undisputed that Syngenta timely filed its opposition to the Motion to Dismiss, and that the Court's October 26 order granting the Motion to Dismiss "absent opposition" was the result of an error in the docketing of Syngenta's opposition, which was filed under seal. Syngenta filed its Motion for Reconsideration of the Court's October 26 order on November 1, 2004. A copy of that motion, and its supporting memorandum (without exhibits), is Exhibit A hereto.

critical discovery that is necessary to Syngenta's defense of this lawsuit. As explained by Syngenta's counsel in previous submissions to the Court and at the October 13 Hearing, that discovery -- specifically including Request for Production No. 10 -- is directly relevant not only to Syngenta's counterclaims, but also to Syngenta's defense of plaintiff's case in chief. Accordingly, Syngenta's Motion to Compel should be granted in all respects, including but not limited to with respect to Request for Production No. 10.

I.  **Syngenta's Motion to Compel Responses to Request for Production No. 10 Should be Granted**

   A.  **Request for Production No. 10 is Directly Relevant to the Issues Raised by this Litigation**

   As explained at the October 13 Hearing, Request for Production No. 10 -- which seeks documents concerning plaintiff's marketing of its own generic paclobutrazol product -- is relevant for multiple reasons. First, the timing of when plaintiff was considering marketing its own generic product is relevant to plaintiff's understanding of the parties' respective rights to terminate the Supply Agreement. For example, any claim by plaintiff that Syngenta did not have the right to terminate that agreement would be severely compromised by actions taken by plaintiff, including its own plan to terminate the agreement. Although plaintiff has continually ignored Syngenta's requests for discovery on this issue, internal Uniroyal documents suggest that Uniroyal began planning its generic product launch months before Syngenta terminated the agreement at issue.

Second, information concerning plaintiff's development of a generic product is relevant to the damages it seeks from Syngenta. Among the damages plaintiff seeks are the alleged "wrongful profits" Syngenta may earn in the future from marketing and selling Bonzi for uses that plaintiff claims it developed. Information concerning how plaintiff's generic product may cut into and reduce those profits would mitigate plaintiff's damages claim. Preliminary discovery obtained in the case to date indicates that plaintiff's own financial projections concerning Bonzi's future profitability in competition with a generic brand were decidedly pessimistic.

Third, Request for Production No. 10 is directly relevant to the counterclaims asserted by Syngenta. Those counterclaims allege that plaintiff's lawsuit, at least in part, is a sham, designed to impede Syngenta's ability to fully market and sell its Bonzi product so as to give plaintiff's generic paclobutrazol a competitive advantage once it enters the market. The documents sought by Syngenta -- including any analyses of the impact of plaintiff's sale of generic paclobutrazol on Syngenta's sales and profits -- go to the very heart of Syngenta's counterclaims.

**B.  Deposition Testimony by Syngenta's
Employees Supports the Relevancy of the Discovery Sought**

Plaintiff's attempt to "bolster" its objection to Request for Production No. 10 by citing to the deposition testimony of three recently deposed Syngenta employees is outrageous. Again, plaintiff has attempted to turn this discovery dispute into a debate over the merits of Syngenta's counterclaims. That is an issue for another day. Unless and until the Court rules that the counterclaims fail on the merits -- and Syngenta is confident that it will not -- Syngenta is entitled to discovery on its counterclaims.

3

Moreover, even if the Court were to consider plaintiff's argument, plaintiff has completely mischaracterized the testimony of those witnesses. Plaintiff has created a jigsaw puzzle in which the pieces do not fit, interspersing snippets of testimony from three different witnesses with varying degrees of knowledge of Syngenta's counterclaims. If instead one reads an entire passage from the deposition of Charles Buffington -- the deposed witness with the most knowledge of Syngenta's counterclaims -- the very real evidence upon which Syngenta's counterclaims are based is clear, and the merit of those counterclaims is confirmed. See Dep. of Charles Buffington, September 15, 2004 at 120-46, Exhibit B hereto.

C.  **Plaintiff's Concern Over Economic and Competitive Harm Is Resolved by the Confidentiality Order**

Plaintiff's concern that disclosure of information related to its development of a generic paclobutrazol product would "cause economic and competitive harm" is misplaced. With the Court's assistance, the parties have prepared a proposed confidentiality order that allows certain highly sensitive proprietary documents to be produced on an "attorneys' eyes only" basis, reviewable only by the parties' attorneys and select other persons agreed to by the parties. Plaintiff certainly can produce documents responsive to Request for Production No. 10 under this heightened level of confidentiality, which will prevent their use for any financially competitive purpose. That is the very reason for the confidentiality order in the first place.

Case 3:02-cv-02253-AHN    Document 105    Filed 11/15/2004    Page 5 of 9

## II. Syngenta Seeks an Order Requiring Plaintiff to Provide Other Discovery

### A. Defendant Seeks Uniroyal Depositions

In addition to the above, Syngenta seeks an order directing Uniroyal to submit to depositions. The deposition of Laureen Treu, who is both a Rule 30(a) and Rule 30(b)(6) deponent, was commenced on January 12, 2004, but never completed despite repeated requests and adjournments. The deposition of Kevin Donovan, who is both a Rule 30(a) and Rule 30(b)(6) deponent, was commenced on May 16, 2004, but never completed, despite numerous requests to produce him. Moreover, Uniroyal has neither provided a definitive response to Syngenta's Rule 30(b)(6) Notice nor identified all of the witnesses who will testify on Uniroyal's behalf in the Rule 30(b)(6) depositions, including but not limited to its record keepers. None of the Rule 30(b)(6) depositions sought by Syngenta are scheduled and Uniroyal has no proposed dates on the table.

Moreover, Uniroyal is unwilling to stipulate that Kevin Kelley, who was designated as a Rule 30(b)(6) deponent, only months **after** his deposition was complete last year, **is** in fact the Uniroyal witness with knowledge. Attached as Exhibit C is the proposed stipulation Syngenta's counsel provided to Uniroyal's counsel following the October 13 hearing. The stipulation requires Uniroyal to formally acknowledge for Rule 30(b)(6) purposes that Mr. Kelley was the proper corporate designee. If Uniroyal is unwilling to agree to the stipulation, the Court should "so order" the proposed stipulation based upon counsel's representation in open court that Mr. Kelley is the corporate designee on the indicated topic.

5

### B. Defendant Seeks Uniroyal Documents

Syngenta also seeks an order requiring Uniroyal to produce all of the categories of documents discussed at the October 13 Hearing. It is clear that Uniroyal has not produced a substantial number of highly relevant requested documents. If, as Uniroyal claims, some categories of the records sought were destroyed, it should be required to produce witnesses to testify at deposition concerning the circumstances surrounding their alleged destruction. If records are not in Uniroyal's care, custody and control, its discovery responses should be amended to indicate as much, which Rule 34 requires.

### C. Defendant Seeks Entry of a Confidentiality Order

In response to Syngenta's motion for entry of a Confidentiality Order, the Court issued an Order setting forth the ground rules for drafting such an Order. Uniroyal has not yet provided a response to Syngenta's most recent draft. See Exhibit D hereto. All of plaintiff's counsel's comments concerning the Order were adopted and incorporated into the revised draft. There is no reason for the Confidentiality Order to remain an open issue.

Although this case was commenced nearly two years ago, no one at Syngenta has yet been permitted an opportunity to review the confidential field trial data at issue. As a result, defense counsel's ability to consult with his client concerning the allegations in the case has been seriously handicapped. Uniroyal should be directed to complete its review of the Confidentiality Order and submit that proposed order for Court approval within the next 10 days so that Syngenta may have access to documents that this Court previously ordered it was entitled to review.

### D. Defendant Seeks an Extension of the Discovery Deadlines

Syngenta seeks an order extending the discovery deadlines, through at least the Spring of 2005. As plaintiff's counsel, Mr. Corcoran, advised the Court at the conclusion of the recent hearing, "We're still very much in the middle of everything, as the Court can see." These most recent delays have only lengthened the time needed for the parties to complete discovery.

Respectfully submitted,

**DEFENDANT,
SYNGENTA CROP PROTECTION, INC.**

By /s/
William A. Ruskin (Fed. Bar No. ct20898)
R. Michael Meo, Jr. (Fed. Bar No. ct16318)
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, Connecticut 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
E-mail: wruskin@goodwin.com
E-mail: rmeo@goodwin.com

and

Amy E. Souchuns (Fed. Bar No. ct21223)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Phone: (860) 251-5000
Fax:   (860) 251-5318
E-mail: asouchuns@goodwin.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via U.S. Mail, postage prepaid, on this 15th day of November 2004, to:

Charles R. Corcoran, III, Esq.
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950

_____
R. Michael Meo, Jr.

115827 v.03