```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


UNIROYAL CHEMICAL COMPANY INC,:
d/b/a/ CROMPTON MANUFACTURING :
COMPANY                       :
                              :
        Plaintiff,            :
                              :
v.                            :  CIV. NO. 3:02cv2253 (AHN)
                              :
                              :
SYNGENTA CROP PROTECTION,     :
                              :
        Defendant.            :
```

**Ruling on Discovery Motions**

Defendant Syngenta moves to compel the production of documents in response to several discovery requests. Plaintiff Uniroyal Chemical Company ("Uniroyal") filed a motion to quash a subpoena duces tecum and for a protective order directed toward non-party witness David Judge.  After hearing from counsel, the defendant's motion to compel **[doc. # 60]** is **GRANTED**.  Plaintiff's motion to quash and for a protective order **[doc. # 104]** is **DENIED**.

I.   DEFENDANT'S MOTION TO COMPEL [doc. # 60]

A.   First Request for Production

   1. Request for Production No. 7.

       7. For each new use Uniroyal claims to have
          developed for Bonzi, produce documents

1

> supporting Uniroyal's contention that 1)
> these uses were developed by Uniroyal; and 2)
> increased Bonzi sales.

Syngenta claims that Uniroyal has not produced documents demonstrating increased Bonzi sales. Uniroyal claims to have already produced all documents in its possession that are responsive to this request. Plaintiff must take reasonable measures to locate and produce all responsive documents. At oral argument, Syngenta agreed to produce Kevin Donovan for a continued deposition regarding whether additional documents exist that may be responsive to this and other requests raised by the instant motion. If the redeposition has not yet occurred, the scheduling of Mr. Donovan's redeposition must be completed within five (5) days of the docketing of this ruling. If no additional documents exist, plaintiff must state this, and describe the reasonable measures undertaken to locate and produce responsive documents. Defendant's motion to compel is therefore granted to the extent that plaintiff must produce any additional responsive documents that may exist.

2. Requests for Production 8,15,19

At oral argument, the defendants did not pursue the motion with respect to Request 8, Request 15, and Request 19. The court assumes any dispute regarding these items has been resolved.

    3. Request for Production No. 18

> 18. Documents relating to Uniroyal's monetary expenditures for promotion and technical development of Bonzi during the Relevant Time Period.

Uniroyal produced summary bar graphs in response to this request, but no other documents. Syngenta claims that they have produced all documents in response to the requests for certain years, and that budget documents pertaining to the years 1991-1995 were destroyed during a document purge due to an office consolidation. [<u>See</u> Donovan Deposition, Pl.'s Mem. at 3.] As discussed above, Syngenta agreed to produce Kevin Donovan for deposition regarding whether additional documents exist that may be responsive to this request, and whether any responsive documents were destroyed. If plaintiff claims that responsive documents have been destroyed, plaintiff must determine whether the information exists in a back-up format. If the information does exist in another format, plaintiff must take reasonable measures to locate and produce the information in a readable format. If no documents or readily produceable back-up information exists, plaintiff must state this along with the measures undertaken to produce the information. Defendant's motion is granted to the extent that responsive documents and information must be produced as detailed above.

B.    <u>Second Set of Interrogatories and Third Request for</u>

Production

1. Interrogatories 1 and 2

Uniroyal has not pursued the motion with respect to No 1. Syngenta has withdrawn its objection to responding to No. 2. The Court denies the motion with respect to these items.

2. Request for Production 7

> 7. For Each Trial reference... identify
>     a) documents concerning the grant-in-aid...
>     B) documents concerning the contract for each trial...
>     C) documents concerning financial expenditures or payments by Uniroyal in support of each trial...
>     D) documents indicated whether the trial ... was sponsored by Uniroyal.

Uniroyal claims to have provided all documents responsive to this request, and that Mr. Donovan already testified that the agreements to do research were oral. As mentioned above, Uniroyal agreed to produce Kevin Donovan for further questioning regarding whether additional documents exist that may be responsive to this request. Defendant's motion is granted, and plaintiff must produce responsive documents. If no additional documents exist, plaintiff must state this, and describe the reasonable measures undertaken to locate and produce responsive documents.

3. Request for Production 9

> 9. All correspondence, memoranda, notes, and email prepared by, provided to, or in the care, custody, and control of Thomas Harger, Keith Griffith, Raymond Choban, David Barcel, and Paul King concerning: (a) Sandoz' marketing of Bonzi; (b) Uniroyal's marketing of Bonzi; (c) uses of Bonzi developed by Uniroyal; (d) Uniroyal's and Syngenta's rights respectively to uses and formulations of Bonzi developed by Uniroyal during the 1991-1996 period; (e) the coordination and monitoring of work performed by Uniroyal to develop new uses and formulations for Bonzi.

Uniroyal objects on the grounds that this item was not contained in the original discovery motion, but did not offer any substantive reasons why it should not otherwise be required to respond.  Defendant's motion to compel is GRANTED.


4. Request for Production 10

> 10. All documents concerning Uniroyal's consideration of marketing its own generic paclobutrazol, including, but not limited to:
>     a) Date compensation pursuant to FIFRA Section 3(c)(1)(F);
>     b) EPA submissions pursuant to FIFRA;
>     c) Projected or forecasted sales and/or profits'
>     d) Documents concerning the impact of Uniroyal's sale of generic paclobutrazol on Syngenta's slaes and/or profits;
>     e) documents concerning the impact, if any, of Uniroyals's sale of genetic paclobutrazol and the claims asserted in this case: and
>     f) marketing materials for the generic paclobutrazol.

The Court has reviewed the parties' additional submissions

5

discussing Uniroyal's objections to this request based upon confidentiality and relevance.  Confidentiality issues have already been addressed in the Court's order, dated July 21, 2004.  Uniroyal argues that responses to this request are relevant only to the claims asserted by Syngenta in its counterclaim.  Uniroyal cites deposition testimony which it contends demonstrates that Sygenta's counterclaims are frivolous.  Syngenta responds that the deposition testimony does not indicate the counterclaims are frivolous, and further that information is relevant to its case in chief, specifically regarding damages.  The Court agrees with Syngenta that the information sought by this request is calculated to lead to the discovery of admissible evidence relevant both to the plaintiff's case in chief and to its counterclaim.  It would be improper to deny discovery based solely upon plaintiff's assertions that defendant's counterclaim is without merit.  That is a question that may addressed by the presiding District Judge in response to plaintiff's motion to strike, but is not a basis for this Court to deny discovery.[1]  Defendants motion to compel is GRANTED with respect to this item.

   5. Requests for Production 11 and 14

---

[1] It should be noted that on October 26, 2004, Judge Nevas initially granted the motion to strike the counterclaim on "absent opposition" [dkt # 100].  That order was vacated on December 22, 2004 [dkt. # 110].  Judge Nevas has not yet ruled on the merits of plaintiff's motion to strike.

Request 11 seeks documents including emails, notes, memoranda concerning the Development Agreement and Supply Agreement, including but not limited to negotiations leading up to agreements from 16 employees from 1991-1992.

Request 14 seeks documents, including emails, notes, memoranda concerning Bonzi from 21 employees.

Uniroyal objects on the grounds that this item was not contained in the original discovery motion, but did not offer any substantive reasons why it should not otherwise be required to respond. Defendant's motion is GRANTED.

6. Requests for Production 12,13

Uniroyal did not pursue the motion with respect to Requests 12 and 13. The court assumes the issues have been resolved.

C. <u>Third Set of Interrogatories and Fourth Request for Production</u>

1. Requests for Production 1-4

> 1. All documents concerning Uniroyal's response to Interrogatory 1 including, but not limited to all agreements, contracts and/or grant-in-aids entered into with cooperators or other persons who performed Bonzi field trials. (Interrogatory 1 asks: "For each trial reference and/or Bonzi field trial which Uniroyal contends supports its claim that it developed new uses or formulations for Bonzi: (a) identify the

7

>person who performed the field trial and his employer, and (b) the institution or facility at which the field trial was performed and the owner of said institution or facility.")
>
>2. All correspondence concerning Bonzi field trials between Uniroyal and the person(s) performing the Bonzi field trial referenced in Uniroyal's response to Interrogatory 1.
>
>3. All documents concerning response to Interrogatory 2. (Interrogatory 2 asks: "Describe in detail the process by which Uniroyal accounted for and kept track of 'in-house' dollars" used for the development of new uses for Bonzi and or Bonzi Research and Development during the Relevant Time Period.")
>
>4. All documents reflecting or accounting for Uniroyal's "in-house dollars" spent during the Relevant Time Period to develop new uses for Bonzi.

Uniroyal claims documents tracking the amount of "in-house dollars" in response to Requests 3 and 4 do not exist because the company does not keep track of this for individual products. [See Donovan Deposition testimony, Pl.'s Opp. Mem at 12.] Syngenta again claims that Kevin Donovan will be able to respond concerning the existence of responsive documents to the above items. Defendant's motion is granted. However, if no additional documents exist, plaintiff must state this, and describe the reasonable measures undertaken to locate and produce responsive documents.

  2. Requests for Production 5,8

Defendant did not pursue the motion with respect to Request No. 5. Request No. 8 is duplicative of Request No. 7 of the Second Set of Interrogatories and Third Request for documents and is addressed above.

D. <u>Fourth Set of Interrogatories and Fifth Request for Production</u>

   1. Interrogatory 1

Uniroyal's objections to responding to Interrogatory 1 as revised by Sygenta have been withdrawn.

   2. Requests for Production 6,7

> 6. All documents concerning Uniroyal's interest in acquiring Paclobutrazol and/or Bonzi from defendant during 1996-2001 time period, including but not limited to: (a) all documents concerning its valuation of Bonzi in the United States (b) all documents concerning the valuation of the rights to Bonzi Uniroyal retained pursuant to the Development Agreement.;
>
> 7. All documents concerning Uniroyal's interest in revising or amending the terms of the Supply Agreement and Development Agreement from 1992-2002.

Uniroyal objects on the grounds that these items were not contained in the original discovery motion, but did not offer any substantive reasons why it should not otherwise be required to

respond. Defendant's motion to compel with respect to these items is GRANTED.

E.  <u>Request to file additional interrogatories</u>

Uniroyal has withdrawn its objection to Syngenta's request for permission to file an additional fifteen (15) interrogatories. Accordingly, defendant's request is GRANTED.

II. <u>PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER</u>

Plaintiff moves to quash the subpoena duces tecum of Dr. David Judge and moves for a protective order with regard to the production requests for documents dealing with generic paclobutrazol. Plaintiff's reiterate the same objections regarding the confidentiality and relevance of the documents that were raised in its response to defendant's motion to compel. For the reasons discussed above, plaintiff's motion to quash and motion for protective order [doc. # 104] is DENIED.

III. <u>SCHEDULING</u>

A telephone conference call will be held on Monday, March 28, at 3:30 pm to set deadlines for complying with the terms of this ruling and for the close of discovery.

IV.  CONCLUSION

For the reasons discussed above, defendant's motion to compel **[doc. # 60]** is **granted**, and plaintiff's motion to quash and for protective order **[doc. #104]** is **denied.**

This is not a recommended ruling.  This is a discovery ruling which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 21st day of March 2005.

_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE