UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIROYAL CHEMICAL COMPANY, INC., : <br> d/b/a CROMPTON MANUFACTURING : <br> COMPANY : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> SYNGENTA CROP PROTECTION, INC. : <br> : <br> Defendant. : | Civil Action No. <br> 3:02cv02253 (AHN) |

## CONFIDENTIALITY ORDER

WHEREAS, the parties to this Confidentiality Order have determined that certain documents and information produced during discovery in this litigation should be kept confidential in order to protect the legitimate business interests of the parties and other persons, and good cause having been shown, it is hereby

ORDERED, pursuant to this Court's July 21, 2004 Order and Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions shall govern documents and information produced in discovery in this litigation:

1. In connection with discovery proceedings in this action, any party may, by written notice, or by a statement on the record at a deposition, designate any non-public documents, portions of documents, material or information, which in that party's good faith belief merit the protections provided by this Stipulation,

as "Confidential" ("Level 1 Confidentiality"); "Confidential: Attorneys Eyes Only" ("Level 2 Confidentiality"); or "Confidential: Attorneys Eyes Only Level 3" ("Level 3 Confidentiality") under the terms of this Stipulation.

Unless otherwise ordered by the Court or agreed to in writing by both parties, documents or material (including portions of deposition transcripts) designated as "Level 1 Confidentiality" may be disclosed or made available by the counsel receiving such information, to the parties, their independent experts or consultants, and the following additional persons:

    (a)  the Court (at any trial and oral hearing and in the manner provided by paragraph 10 hereof);

    (b)  outside legal counsel for the parties to this action and the paralegal, clerical, and secretarial staff employed by such counsel;

    (c)  court reporters;

    (d)  witnesses of the party producing such information at any deposition in this action;

    (e)  any other person to whom the parties agree in writing;

    (f)  "Permitted Experts" (as defined below), including their employees, assistants, and clerical personnel;

    (g)  "Permitted Syngenta Employees" (as defined below); and

    (h)  "Permitted Uniroyal Employees" (as defined below).

Unless otherwise ordered by the Court or agreed to in writing by both parties, documents or material (including portions of

deposition transcripts) designated as "Level 2 Confidentiality" may be disclosed or made available only to persons within categories (a) – (h) above.

Unless otherwise ordered by the Court or agreed to in writing by both parties, documents or material (including portions of deposition transcripts) designated as "Level 3 Confidentiality" may be disclosed or made available only to persons within categories (a) – (f) above.

A "Permitted Syngenta Employee" is an employee of Syngenta who has executed the form in Exhibit "A" and agrees that he or she will hold in confidence and not disclose to anyone not qualified under terms of the Confidentiality Order any Level 2 Confidentiality documents, materials or any summaries or abstracts or indices of Level 2 Confidentiality disclosed to that person. Unless otherwise agreed to in writing by both parties, a "Permitted Syngenta Employee" will only be the following individuals: Alan Nadel, Dr. David Ross, and Dr. Joseph DiPaola.

A "Permitted Uniroyal Employee" is an employee of Uniroyal who has executed the form in Exhibit "A" and agrees that he or she will hold in confidence and not disclose to anyone not qualified

under terms of the Confidentiality Order any Level 2 Confidentiality documents, material or any summaries or abstracts or indices of Level 2 Confidentiality disclosed to that person. Unless otherwise agreed to in writing by both parties, a "Permitted Uniroyal Employee" will be only the following individuals:  Eric Wisnefsky, Matt Wyopchick, and Ann Budzinsky. In no event shall Laureen Treu, Kevin Donovan, or any other person involved in the marketing of generic paclobutrozol to be designated as a "Permitted Uniroyal Employee."

A "Permitted Expert" is an independent expert or consultant retained or used by a party's counsel to assist counsel or provide testimony in this action, who is not otherwise associated with the parties and has agreed to execute the form of "Exhibit B" attached hereto.

1. Notwithstanding the language of the preceding ¶1, no documents or materials are to be designated as Level 2 or Level 3 Confidentiality unless the party so designating has a good faith belief that their disclosure would result in a "clearly defined and serious injury" to the disclosing party.

2. Any documents, portions of documents, material or information to be designated Level 1, Level 2 or Level 3

Confidentiality may be so designated <u>only</u> by stamping the documents, material or information with the legend "Confidential" (for Level 1 Confidentiality), "Confidential: Attorneys Eyes Only" (for Level 2 Confidentiality), and "Confidential: Attorneys Eyes Only Level 3" (for Level 3 Confidentiality) prior to their production, or in the case of deposition testimony, by claiming such designation on the record or by furnishing a separate written notice to the undersigned counsel for the party receiving such documents, material or information at the time of their production or as soon thereafter as practicable, specifically identifying the documents or material as "Confidential," "Confidential: Attorneys Eyes Only" or "Confidential: Attorneys Eyes Only Level 3."

    3. In the event counsel for a party receiving documents, material, or information designated as Level 2 or Level 3 Confidentiality objects to such designation of any or all of such items, or if such counsel objects to any redaction made from any documents, said counsel shall advise the party producing the items of such objections and the reasons therefor.  If the producing party objects to the proposed disclosure, all the items shall be treated as Level 2 or Level 3, as the case may be, pending a resolution of the parties' dispute.  It shall be the obligation of

the party receiving the items designated as Level 2 or Level 3 Confidentiality to obtain a prompt hearing before this Court or file an appropriate motion with respect to the propriety of the designation. In the event that the receiving party seeks such a hearing, the producing party will cooperate in obtaining a prompt hearing with respect thereto. As directed by the Court's July 21, 2004 Order, the burden of proof remains with the designating party to demonstrate good cause for protecting challenged documents.

    4. If any party intends to use or inquire at any deposition documents, material or other information designated as Level 1, Level 2 or Level 3 Documents, the portion of the deposition transcript which relates to such documents, material, or information shall be designated and treated, depending on its designation, as "Confidential," "Confidential: Attorneys Eyes Only" or "Confidential: Attorneys Eyes Only Level 3" and shall be subject to the confidentiality provisions hereof.

    5. Documents or material (including portions of deposition transcripts) designated as Level 1, Level 2 or Level 3 Confidentiality, or information derived therefrom, may be disclosed or made available by the counsel receiving such

information only to individuals permitted to review such documents as provided hereinabove.

6. Documents, material, or information designated as Level 1, Level 2 or Level 3 Confidentiality shall be used by the persons receiving them only for the purposes of preparing for and conducting the litigation of this case: <u>Uniroyal Chemical Company v. Syngenta Crop Protection, Inc.</u>, Civil Action No. 3:02CV02253(AHN) and for no other purpose.

7. Prior to providing Level 2 or Level 3 Confidentiality documents, material or information to anyone, counsel for the receiving party shall have the recipient(s) execute an Agreement in the appropriate form attached thereto.  Counsel for the receiving party shall maintain possession of the list of persons who received such documents, material and information and shall maintain possession of all of the executed Agreements for a period of five years after the final determination (including appeals) of this action.  Counsel for the receiving party shall otherwise take all reasonable steps necessary to ensure compliance with this Order by those who receive through such counsel any such Level 2 or Level 3 Confidentiality documents, material or information.

8. Notwithstanding the designation of any document or material as Level 1, Level 2 or Level 3 Confidentiality, nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information (or the underlying substance of such documents, material or information) (a) known to the party or witness without obligation of confidentiality prior to disclosure in this litigation; (b) which properly becomes available to the party or witness, under conditions which do not restrict further disclosure, from a third party who shall not have obtained such information either directly or indirectly from the party or witness; or (c) which now or hereafter comes into the public domain, regardless of whether or not such documents, material or information are also obtained through discovery proceedings in this action.  Nothing herein shall restrict or limit a party's own use of any documents, material or other information it may designated as Level 1, Level 2, or Level 3 Confidentiality.

9. If Level 2 or Level 3 Confidentiality documents (including portions of deposition transcripts) designated as such are to be included in any papers to be filed in Court, such papers shall be

labeled "Confidential-Subject to Court Order" and filed under seal and kept under sealed until further order of this Court.

10. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure or use of any material designated "Confidential," (Level 1 Confidentiality); "Confidential: Attorneys Eyes Only" (Level 2 Confidentiality); or "Confidential: Attorneys Eyes Only Level 3" (Level 3 Confidentiality).

11. Upon termination of this action, including any appeals, the parties shall, upon written request, return to counsel for the producing party all documents or material designated as "Confidential" (Level 1 Confidentiality); "Confidential: Attorneys Eyes Only" (Level 2 Confidentiality); or "Confidential: Attorneys Eyes Only Level 3" (Level 3 Confidentiality) and all copies thereof, or the parties may otherwise agree upon other appropriate methods of destruction.

SO ORDERED at Bridgeport this 21st day of March 2005.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

```
            UNITED STATES DISTRICT COURT
               STATE OF CONNECTICUT
```

UNIROYAL CHEMICAL COMPANY, INC.,   :
d/b/a CROMPTON MANUFACTURING       :
COMPANY                            :
                                   :
                                   :   Civil Action No.
            Plaintiff,             :   3:02CV02253 (AHN)
                                   :
    v.                             :
                                   :
SYNGENTA CROP PROTECTION, INC.     :
                                   :
            Defendant.             :

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER –**

**PERMITTED EMPLOYEES**

    I, _____, state that:

1. My home address is _____.
2. My present employer is _____ and my present work address is _____.
3. My present title, occupation or job description is _____.
4. My job responsibilities are _____.
5. I have read and understand the provisions of the Confidentiality Order entered in this action, and I will comply with the provisions of that Confidentiality Order. I consent to

1

be subject to the jurisdiction of this Court for enforcement of this Confidentiality Order.

      6.   I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any information disclosed to me that is designated "Confidential" (Level 1 Confidentiality); "Confidential: Attorneys Eyes Only" (Level 2 Confidentiality); or "Confidential: Attorneys Eyes Only Level 3" (Level 3 Confidentiality).

      7.   Upon conclusion of the above-referenced action, including any appeals, I will return any documents designated "Confidential" (Level 1 Confidentiality); "Confidential: Attorneys Eyes Only" (Level 2 Confidentiality); or "Confidential: Attorneys Eyes Only Level 3" (Level 3 Confidentiality), and any summaries, abstracts and indices thereof, and documents or materials that I received or prepared relating thereto in my possession, to counsel for Uniroyal/Syngenta, unless I am otherwise instructed by counsel for the party that produced the subject documents.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                        _____

**EXHIBIT B**

```
            UNITED STATES DISTRICT COURT
               STATE OF CONNECTICUT

UNIROYAL CHEMICAL COMPANY, INC.,   :
d/b/a CROMPTON MANUFACTURING       :
COMPANY                            :
                                   :
                                   :     Civil Action No.
              Plaintiff,           :     3:02CV02253 (AHN)
                                   :
    v.                             :
                                   :
SYNGENTA CROP PROTECTION, INC.     :
                                   :
              Defendant.           :
```

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

**PERMITTED EXPERTS**

    I, _____, state that:

1. My home address is _____.

2. My present employer is _____ and my present work address is _____.

3. My present title, occupation or job description is _____.

4. My job responsibilities are _____.

5. I have read and understand the provisions of the Confidentiality Order entered in this action, and I will comply with the provisions of that Confidentiality Order. I consent to

1

be subject to the jurisdiction of this Court for enforcement of this Confidentiality Order.

      6.   I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any information disclosed to me that is designated "Confidential" (Level 1 Confidentiality); "Confidential: Attorneys Eyes Only" (Level 2 Confidentiality); or "Confidential: Attorneys Eyes Only Level 3" (Level 3 Confidentiality).

      7.   Moreover, I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any materials prepared by me that is based on information disclosed to me that is designated "Confidential" (Level 1 Confidentiality); "Confidential: Attorneys Eyes Only" (Level 2 Confidentiality); or "Confidential: Attorneys Eyes Only Level 3" (Level 3 Confidentiality).

      8.   Upon conclusion of the above-captioned action, including any appeals, I will return any documents designated "Confidential" (Level 1 Confidentiality); "Confidential: Attorneys Eyes Only" (Level 2 Confidentiality); or "Confidential: Attorneys Eyes Only Level 3" (Level 3 Confidentiality), and any summaries, abstracts and indices thereof, and documents or materials that I received or prepared relating thereto in my possession, to counsel for the party for whom I was employed, retained or acted as a witness, unless I am otherwise instructed by counsel for the party that produced the subject documents.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____      _____