UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNIROYAL CHEMICAL COMPANY, INC,         :
d/b/a CROMPTON MFG. CO.                 :
                                        :
      Plaintiff,                        :
                                        :
            v.                          :       3:02CV02253(AHN)
                                        :
SYNGENTA CROP PROTECTION, INC.          :
                                        :
      Defendant.                            :
                                        :
                                        :


RULING ON UNIROYAL'S MOTION TO STRIKE
AND DISMISS COUNTERCLAIMS

      This case arises out of two agreements, a development

agreement ("Bonzi Development Agreement") and a supply

agreement ("Bonzi Supply Agreement"), between the defendant.

Syngenta Crop Protection ("Syngenta"), and the plaintiff

Uniroyal Chemical Co. ("Uniroyal").  The agreements

concerned a plant-growth regulating chemical generically

known as "paclobutrazol" that Syngenta has trademarked under

the name "Bonzi."  The Bonzi Development Agreement granted

Uniroyal the exclusive right to develop, register, market,

and sell new uses of Bonzi.  The Bonzi Supply Agreement

granted Uniroyal the exclusive right to sell "Bonzi" in a

defined marketing area.  The term of the agreements was from

January 1, 1992 through December 31, 1996.  The supply

agreement, however, would continue for successive annual

terms unless terminated by either party 180 days before the termination date of the prior term.  On June 26, 2002, Syngenta notified Uniroyal that it intended to terminate the Bonzi Supply Agreement as of December 31, 2002.

On December 19, 2002, Uniroyal filed this action alleging breach of contract, conversion, breach of the covenant of good faith and fair dealing, violation of Delaware's Franchise Security Law, and promissory estoppel. Syngenta moved successfully to dismiss the claim under Delaware's Franchise Security Law and thereafter answered the complaint without asserting any counterclaims.  On May 18, 2004, with Syngenta's consent, Uniroyal filed an amended complaint adding two new theories of recovery: (1) unjust enrichment and (2) a violation of the Connecticut Unfair Trade Practices Act ("CUTPA").  Syngenta's answer to the amended complaint contained two counterclaims, one alleging tortuous interference with business expectancies and the other alleging a CUTPA violation asserting that Uniroyal's suit is a sham.

Uniroyal has now moved to strike, or in the alternative, dismiss the counterclaims pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6).  Uniroyal asserts that Syngenta improperly filed the counterclaims

without receiving permission from the court and that the

counterclaims fail to state claims upon which relief can be

granted.  For the foregoing reasons, Uniroyal's motion to

strike is denied.  Uniroyal's 12(b)(6) motion is denied

without prejudice pending a pre-motion conference pursuant

to this court's Order on Pretrial Deadlines.

### DISCUSSION

The issue raised by Uniroyal's motion to strike is the

permissible scope of response to an amended complaint under

Rule 15(a) of the Federal Rules of Civil Procedure which

provides: "A party shall plead *in response to* an amended

pleading . . . within 10 days after service of the amended

pleading . . . unless the court otherwise orders."

Fed.R.Civ.P 15(a) (emphasis added).  No court of appeals has

addressed this issue directly and the district courts'

interpretations as to the permissive scope of the rule are

"all over the map."  Pereira v. Cogan, No. 00 Civ. 619

(RWS), 2002 WL 1822928 (S.D.N.Y. Aug. 7, 2002).

The "map" can, however, be fairly reduced to three

lines of cases: permissive, narrow, and moderate.  The

courts that have interpreted the rule permissively hold that

once a plaintiff amends a complaint, the defendant can amend

its answer as of right, regardless of the scope of the

change in the amended complaint.  See, e.g., American Home

Prod. Corp. v. Johnson & Johnson, 111 F.R.D. 448, 453

(S.D.N.Y. 1986) (holding that a defendant is entitled

respond to an amended complaint even with "eleventh-hour

additions").  Courts that interpret the rule narrowly have

held that an amended answer must be confined specifically to

the amendments to the complaint.  See, e.g. Nolan v. City of

Yonkers, 1996 WL 120685, at *4 (S.D.N.Y. Mar. 19, 1996)

("Defendants [do] not have a right to assert new

counterclaims unrelated to the amendment in their answers…

in the same way that they had a right to assert

counterclaims in their original answer.").  Under the

moderate approach, courts view the Rule's *in response to*

language as limiting the breadth of the changes allowed in

an amended response to the breadth of the changes made in an

amended complaint.  The underlying premise to this approach

is "what is good for the goose is good for the gander."

Thus, if major changes are made to the complaint, major

changes can be made to the response.  See e.g. Pereira, 2002

WL 1822928, at 4 ("If the plaintiff expands its case by

adding new theories or claims, it cannot complain if the

defendant seeks to do the same by averring new

counterclaims.").

Despite Uniroyal's argument that Rule 15(a) should be interpreted narrowly to require a defendant to obtain leave of court before adding new counterclaims, the court finds the better and more equitable interpretation of Rule 15(a) is the moderate approach that permits a defendant to respond to an amended complaint that changes the theory or scope of the case by adding counterclaims that similarly change the theory or scope of the case.  Where however, the amended complaint does not change the scope of the action, a defendant should obtain leave of court before adding a new counterclaim that would change the scope of the case.  See Fuente v. Honeggers & Co., Inc., No. 83 C 00061, 1987 WL 9019, at *1 (N.D. Ill. Apr. 2, 1987); accord Synermed Int. v. Laboratory Corp. of America Holdings, No. 1:97CV00966, 1999 WL 1939253, at *1 (M.D.N.C. Mar. 3, 1999) ("Because Synermed's second amended complaint expanded the theory or scope of its claim, the court finds that LabCorp had a right to assert its additional counterclaims without obtaining leave of the court"); Tralon Corp. v. Cedarapids, Inc., 966 F. Supp. 812, 832 (N.D. Iowa 1997), aff'd, 2000 WL 84400 (8th Cir. Jan. 21, 2000) ("When a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the

original complaint filed by the Plaintiff. . . The obvious

corollary is that if an amended complaint does not change

the theory or scope of the case, a [defendant] must seek

leave of court pursuant to Rule 15(a) before it amends its

answer to assert a counterclaim"); Brown v. E.F. Hutton &

Co., Inc., 610 F. Supp. 76, 78 (S.D. Fla. 1985) ("When a

plaintiff files an amended complaint which changes the

theory or scope of the case the Defendant is allowed to

plead anew as though it were the original complaint filed by

the Plaintiff); see generally 3 James Wm Moore et al.,

Moore's Federal Practice, ¶ 15.17[6] (3d ed. 2003) ("Courts

have struggled to reconcile concerns addressed by [Rules 13

and 15], but the better view suggests that, when a

plaintiff's amended complaint changes the theory of the

case, it would be inequitable to require leave of the court

before the defendant could respond with appropriate

counterclaims.").  As the court in Fuente noted after

reviewing the relevant cases, this moderate approach

"correctly synthesizes the concerns addressed in Rules 13

[governing counterclaims] and 15."  Fuente, 1987 WL 9019, at

*1.

    Simply put, principles of fairness compel the court to

conclude that if a plaintiff is permitted to expand the

scope of the case by amending her complaint to add new

theories of recovery, a defendant should be permitted to do

the same by adding new counterclaims that also expand the

scope of the case.  See Pereira, 2002 WL 1822928, at *4;

Commerce Bancorp, Inc. v. BankAtlantic, No. Civ. 02-4774

(JBS), 2004 WL 612525 at *2 (D.N.J. Jan. 12,  2004)

("Commerce's amended complaint changed and expanded the

scope of this dispute. . . It is thus wholly appropriate for

[BankAtlantic] to raise a counterclaim which it has never

before raised, in response to the Amended Complaint.").

     In the instant case, Uniroyal added two new theories of

recovery in its amended complaint: a CUTPA claim and a claim

for unjust enrichment.  These additional causes of action

were not modest or insignificant changes.  Rather, they

expanded the scope of the case.  Because Uniroyal expanded

the scope of this litigation, it is only fair and equitable

to allow Syngenta to do the same by adding the two

counterclaims.

CONCLUSION

     For the foregoing reasons, Uniroyal's motion to strike

Syngenta's counterclaims [doc. #86] is DENIED.  Uniroyal's

motion to dismiss [DOC. # 86] is DENIED without prejudice to

refiling after the required pre-motion conference is held.

-7-

SO ORDERED this 23rd day of March, 2005, at Bridgeport,

Connecticut.


/s/_____