UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X
UNIROYAL CHEMICAL COMPANY, INC. :
d/b/a CROMPTON MANUFACTURING :
COMPANY :
                                                    : Civil Action No.
       Plaintiff,                  : 3:02CV02253 (AHN)
                                                    :
       v.                                       :

SYNGENTA CROP PROTECTION, INC. :
                                                      :
       Defendant.                : May 5, 2005
---------------------------------------------------------X

## LOCAL RULE 56(a)1 STATEMENT

       Pursuant to Local Rule 56(a)1 of the United States District Court, District of Connecticut, defendant Syngenta Crop Protection, Inc. hereby submits the following concise statement of material facts as to which defendant contends there is no genuine issue to be tried.

       1.       Plaintiff Uniroyal Chemical Company ("Uniroyal") and defendant Syngenta Crop Protection, Inc. ("Syngenta") are businesses that both manufacture and sell a variety of chemical products, including those used in the growing and care of plants. See Amended Complaint dated May 18, 2004 (the "Complaint") ¶¶ 7, 8.

2. On or about January 29, 1991, Syngenta's predecessor in interest, ICI Americas, Inc. ("ICIA"), and Uniroyal entered into two agreements titled, respectively, the Bonzi Chemical Supply Agreement ("Supply Agreement") and the Bonzi Development Agreement ("Development Agreement"). See Complaint ¶¶ 2, 29.

3. In the Supply Agreement, ICIA agreed to sell and deliver paclobutrazol (Bonzi's underlying chemical compound) exclusively to Uniroyal, and Uniroyal agreed to purchase and receive paclobutrazol exclusively from ICIA. See Supply Agreement ¶ 1.1, Exh. C to Affidavit of William A. Ruskin dated May 5, 2005 (the "Ruskin Aff.").

4. ICIA also granted to Uniroyal the right to sell Bonzi in a contractually defined "Marketing Area," and to develop, register, sell and market Bonzi in the Marketing Area for certain contractually defined "Permitted Uses." Specifically, ¶ 1.2 of the Supply Agreement provides that,

> except for Product purchased by others from ICIA prior to January 1, 1991, Uniroyal shall have the exclusive right to sell ICIA Product for presently registered uses as determined by the current U.S. approved label attached hereto as Exhibit B, in the U.S. and its territories (hereinafter "Marketing Area") on an exclusive basis and Uniroyal shall have the exclusive right to develop, register, sell and market ICIA in the Marketing Area for use on **woody ornamentals, shrubs, shade trees, ornamental fruit trees, interiorscapes and landscapes,** excluding turf and commercial rights of way (hereinafter "Permitted Use"). Uniroyal shall have the exclusive rights to develop, register,

> sell and market new formulations of ICIA product, such as spikes and granules, in The Marketing Area for the Permitted Use.

See Supply Agreement ¶ 1.2 (emphasis added).

5. The term of the Supply Agreement was from January 1, 1991 to December 31, 1996. See Supply Agreement ¶ 2.1. Thereafter, the Supply Agreement was continued for successive annual terms unless either party terminated the Supply Agreement on 180 days written notice. See id.; see also Depo. of Alfred Ingulli, April 14, 2004 at 43, Exh. F to Ruskin Aff.; Depo. of Kevin Kelley, Nov. 17, 2003 at 29-30, 140-41, Exh. G to Ruskin Aff.

6. Except for the requirement of 180-day written notice, the right of either party to terminate the Supply Agreement during the successive annual terms is unconditional. See Supply Agreement ¶ 2.1; see also Depo. of Alfred Ingulli, April 14, 2004 at 43, Exh. F to Ruskin Aff.

7. Pursuant to the Development Agreement, Uniroyal was granted the exclusive right to develop and register new uses and formulations of Bonzi for use in a defined "Development Field":

> ICIA grants to Uniroyal the exclusive right to develop, register, market and sell new uses of Bonzi on **woody ornamentals, shrubs, shade trees, ornamental fruit trees, interiorscapes and landscapes** in the U.S. and its territories

> excluding turf and commercial rights of way. ICIA further grants to Uniroyal exclusive rights to develop and register new ICIA Product formulations such as spikes and granules in the U.S. and its territories for use on woody ornamentals, shrubs, shade trees, ornamental fruit trees, interiorscapes and landscapes in the U.S. and its territories excluding turf and commercial rights of way (hereinafter the "Development Field").

See Development Agreement ¶ 2 (emphasis added), Exh. B to Ruskin Aff.

8.   The list of plant and product use sites to which Uniroyal had exclusive development rights -- i.e., woody ornamentals, shrubs, shade trees, ornamental fruit trees, interiorscapes and landscapes -- is identical in the Supply and Development Agreements. See Supply Agreement ¶ 1.2; Development Agreement ¶ 2; see also Depo. of Kevin Donovan, May 14, 2004 at 43-44, Exh. I to Ruskin Aff..

9.   The Development Agreement granted to Uniroyal marketing and sales rights for certain new uses of Bonzi developed within the "Development Field," as follows:

> For each new use and formulation developed by Uniroyal for use in the Development Field, ICIA will grant to Uniroyal marketing and sales rights as defined in Section 1.2 of the Bonzi Chemical Supply Agreement. **Said marketing and sales rights shall be granted for 5 years from the date of registration of any new use or formulation.** Uniroyal shall retain all marketing and sale rights for any new use or formulation which it develops under this Agreement. This provision shall survive the termination of this Agreement provided termination is not the result of any breach by Uniroyal of this Agreement or the Supply Agreement.

See Development Agreement ¶ 4 (emphasis added); see also Depo. of Alfred Ingulli,

4

April 14, 2004 at 62-63, Exh. F to Ruskin Aff.

10. Whatever rights Uniroyal may have retained as a result of developing new uses of Bonzi were limited to those uses and product use sites specifically delineated in paragraph 1.2 of the Supply Agreement. See Development Agreement ¶¶ 2, 4; see also Depo. of Kevin Donovan, May 14, 2004 at 43-44, Exh. I to Ruskin Aff.

11. The Development Agreement did not grant Uniroyal marketing and sales rights for new Bonzi uses it developed except on "woody ornamentals, shrubs, shade trees, ornamental fruit trees, interiorscapes and landscapes in the U.S. and its territories, excluding turf and commercial rights of way." See Development Agreement ¶ 2; see also Depo. of Kevin Donovan, May 14, 2004 at 48-49, Exh. I to Ruskin Aff.

12. The Development Agreement expired by its own terms on December 31, 1996, and does not provide for any annual renewal periods. See Development Agreement ¶ 1; see also Depo. of Kevin Kelley, Nov. 17, 2003 at 141-42, Exh. G to Ruskin Aff.; Depo. of Laureen Treu, Jan. 12, 2004 at 103-04, Exh. H to Ruskin Aff.

13. Uniroyal's rights to develop "new uses" of Bonzi terminated on December 31, 1996. See Development Agreement ¶ 1; see also Depo. of Laureen Treu, Jan. 12, 2004 at 104, Exh. H to Ruskin Aff.

14.  Uniroyal's residuary rights to market and sell Bonzi for "new uses" it developed for Bonzi terminated five years after each "new use" was registered. See Development Agreement ¶ 4; see also Depo. of Alfred Ingulli, April 14, 2004 at 62-63, Exh. F to Ruskin Aff.

15.  All of the Bonzi "new uses" that Uniroyal claims it developed that are at issue in this case were registered with and approved by the United States Environmental Protection Agency (the "EPA") on July 15, 1993. See Uniroyal's response to Interrogatory No. 1 in its Supplemental Response to Defendant's First Set of Interrogatories and Second Request for Production of Documents dated July 24, 2003, Exh. J to Ruskin Aff.; see also Depo. of Kevin Donovan, May 14, 2004 at 59-65, Exh. I to Ruskin Aff.

16.  On or about June 26, 2002, Syngenta notified Uniroyal of Syngenta's intention to terminate the Supply Agreement as of December 31, 2002. See Complaint ¶ 68; letter dated June 26, 2002, Exh. E to Ruskin Aff.; see also Depo. of Alfred Ingulli, April 14, 2004 at 121-24, Exh. F to Ruskin Aff.; Depo. of Kevin Kelley, Nov. 17, 2003 at 49-50, Exh. G to Ruskin Aff.; Depo. of Laureen Treu, Jan. 12, 2004 at 126-27, Exh. H to Ruskin Aff.

DEFENDANT,
SYNGENTA CROP PROTECTION, INC.


By _____
William A. Ruskin (Fed. Bar No. ct20898)
R. Michael Meo, Jr. (Fed. Bar No. ct16318)
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, Connecticut 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
E-mail: wruskin@goodwin.com
E-mail: rmeo@goodwin.com
Its Attorneys

120976 v.05

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May 2005, a copy of the foregoing Local Rule 56(a)1 Statement was mailed, via First Class Mail, postage pre-paid, to:

Charles R. Corcoran, III, Esq.
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950

_____
William A. Ruskin

120976 v.05