UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIROYAL CHEMICAL COMPANY, INC., d/b/a CROMPTON MANUFACTURING COMPANY | : : : |
| Plaintiff, | : Civil Action No. : 3:02cv02253 (AHN) |
| v. | : : |
| SYNGENTA CROP PROTECTION, INC. | : : |
| Defendant. | : September 29, 2005 |

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

Pursuant to Rule 7(d) of the Local Civil Rules of the United States District Court for the District of Connecticut, the plaintiff, Uniroyal Chemical Company, Inc. d/b/a Crompton Manufacturing Company ("Uniroyal"), respectfully submits this brief in reply to the defendant, Syngenta Crop Protection Inc.'s ("Syngenta"), Memorandum in Opposition to Plaintiff's Motion to Dismiss Counterclaims ("Opposition").

In its Opposition, Syngenta argues that Uniroyal is not immune from Syngenta's counterclaims pursuant to the Noerr-Pennington Doctrine because Uniroyal's underlying lawsuit meets the "sham litigation" exception to Noerr-Pennington. As the defendant acknowledges in its Opposition, the Court is required to conduct a two-step test in determining the applicability of the "sham litigation" exception to the Noerr-Pennington doctrine. The first part of this analysis requires the Court to determine whether the lawsuit is so completely without merit that "no reasonable litigant could realistically

{N0737061}   1

expect success on the merits." Hartford Life Insurance Company v. Variable Life Insurance Company, Inc., 964 F.Supp. 624, 627 (D.Conn. 1997). To survive a motion to dismiss, the complaint must allege facts that, if proved, "show that the defendant is not entitled to Noerr-Pennington immunity under the sham litigation exception." Jarrow Formulas, Inc .v International Nutrition Co., 175 F. Supp. 2d 296, 310-311 (D.Conn. 2001). The defendant claims in its Opposition that the facts alleged in the counterclaims state a sufficient claim for "sham litigation."

The underlying complaint in this matter alleges claims sounding in breach of contract, conversion, breach of the covenant of good faith and fair dealing, promissory estoppel, unjust enrichment and violation of the Connecticut Unfair Trade Practices Act. The plaintiff has requested certain injunctive relief, as well as compensatory and punitive damages and attorneys' fees.

Although the defendant argues that its counterclaims allege facts sufficient to support a claim of sham litigation, a cursory reading of both the counterclaims and the defendant's Opposition reveals that the defendant's entire argument is based on the premise that one of Uniroyal's claims, the claim for *injunctive relief,* is a sham.

Specifically, in its Opposition, the defendant claims as follows:

For example, even if Uniroyal's interpretation of [the Supply and Development] agreements were correct, at most Syngenta might be restricted in its ability to market and sell Bonzi for the limited number of 'new uses' and use sites developed by Uniroyal. *There is absolutely no interpretation of the agreements that would warrant a complete bar to Syngenta's rights to market and sell Bonzi* -- a product that Syngenta indisputably owns – in any manner whatsoever.

Def.'s Opp. at p. 8, emphasis added. The defendant then claims that "no 'reasonable litigant' -- not even Uniroyal – could realistically expect success on the merits of *this*

{N0737061}                                   2

*claim*." Id.  (Emphasis added). *See also,* Counterclaims, Par. 21: "By this lawsuit, Uniroyal seeks, among other things, to bar completely, and/or to limit, Syngenta's ability to market and sell its Bonzi product, and to compete with Uniroyal's generic paclobutrazol product."; Par. 25: "Uniroyal has engaged in a scheme and course of conduct aimed at interfering with Syngenta's business relationships … by, among other things, prosecuting this lawsuit *insofar as it seeks equitable relief barring and/or limiting Syngenta's ability to market and sell Bonzi without any good faith basis for doing so.* (emphasis added).

Even if the facts alleged in the counterclaims were proven, the defendant would establish merely that the plaintiff is not entitled to the full scope of the relief it has claimed.  This however, falls far short of alleging facts sufficient to establish that the plaintiff's entire lawsuit is a sham. As discussed above, injunctive relief is only one portion of the relief sought by the plaintiff in this action.  Because the counterclaims allege only facts that, if proven, would establish that the plaintiff is not entitled to one element of the relief which it seeks, the counterclaims fail properly to allege the narrow "sham litigation" exception to the Noerr-Pennington doctrine.

In conclusion, a sham litigation is one that is "rife with abusive intent and absent any indicia of success." *See,* Light Sources Inc. v. Cosmedico Light, Inc., 360 F.Supp.2d 432, 437 (D.Conn. 2005), *citing* Zeller v. Consolini, 59 Conn. App. 545, 555 (Conn. App. 2000).  In addition, "factors present in sham litigation include, but are not limited to, the presence of repetitive litigation (although one action may constitute a sham under certain conditions), *deliberate fraud, supplying false information,* and whether lower courts have

{N0737061}                                    3

stated or implied that the action is frivolous …"Id. (Emphasis added).  Nowhere in the defendant's counterclaims or in its Opposition does the defendant make any allegation that the plaintiff has acted fraudulently and/or abusively by bringing this action.  Rather, the defendant has alleged only that very limited claims for relief made by the plaintiff are without merit.  The motion to dismiss should be granted.

    Respectfully submitted,

    THE PLAINTIFF,
    UNIROYAL CHEMICAL COMPANY, INC. d/b/a
    CROMPTON MANUFACTURING COMPANY

By: /s/
    Charles F. Corcoran, III (ct 04299)
For: Carmody & Torrance LLP
    195 Church Street, P.O. Box 1950
    New Haven, CT  06509-1950
    Tel:  (203) 777-5501
    Fax:  (203) 784-3199
    E-mail: ccorcoran@carmodylaw.com
    *Its Attorneys*

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the above date, to:

William A. Ruskin
(Fed. Bar No. ct20898)
Epstein, Becker & Green, P.C.
250 Park Avenue
New York, NY  10177
Telephone:  (212) 351-4740
Facsimile:  (212) 878-8740
E-mail:  wruskin@ebglaw.com

    /s/
    Charles F. Corcoran, III

{N0737061}

4